158 So. 770

## WARREN v. STATE.
### 6 Div. 640.

Court of Appeals of Alabama.
Jan. 15, 1935.

J. J. Curtis, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Justice.

While the general law on the subject is none too clear (see 3 R. C. L., p. 719, Bastards; also 126 Am. St. Rep. 261, note), yet we are of the opinion that the following language of our Supreme Court, used in deciding the case of Bullock v. Knox, 96 Ala. 195, 11 So. 339, 340, is all that we need for our guidance in disposing of the instant appeal (Code 1923, § 7318), to wit:

"The ancient common-law authorities declared the issue of every married woman to be legitimate, except in the two special cases of the *impotency* of the husband and his *absence from the realm.* * * * That rule has long since been exploded. * * * The rule was first relaxed by permitting the conclusion of illegitimacy to be drawn in certain other special classes of cases in which legitimacy was *impossible.* * * * *Finally,* the simple rule was recognized that a child is a

bastard, though born, or begotten and born, during marriage, when it is *impossible* that its mother's husband could have been its father. * * * The modern authorities sustain the propositions that the presumption of legitimacy from the birth of a child during marriage may be rebutted by evidence which *clearly* and *conclusively shows* that the procreation by the husband was *impossible*." (Italics ours.)

So far as we are advised, the common-law rule, as liberalized and stated above, is the rule prevailing in Alabama today. And under it this prosecution must fail.

It is without dispute that at the time the conception took place, which gave rise to the birth of the child involved, the mother (prosecutrix) was legally married to another than appellant. The husband, though living apart from her, lived in the same community, and associated with her during the time. We see *nothing* in the testimony tending to render it *impossible* that he should have been the father of the baby.

True, prosecutrix testifies that during all the time in which conception could have taken place the said husband had no intercourse—sexual intercourse—with her.

But we think, and hold, that the Supreme Court, by the use of the word *impossible*, above, meant *naturally*, *physically*, or *scientifically* impossible; not merely impossible because of voluntary, or involuntary, abstinence. To hold otherwise would, it seems to us, open the door to intolerable abuses which would give rise to immeasurable uncertainty. It would tend to weaken the very foundations of our society.

■ An illegitimate child is one not only born, but begotten, out of lawful wedlock. Lingen, pro ami v. Lingen, Adm'x et al., 45 Ala. 410.

Here, the mother of the child fixes the date of conception at December 26, 1932, at which time she was the lawful wife of one Farley. She remained such wife until May 20, 1933, upon which date she was divorced. Thereafter, in September, 1933, the baby was born.

She instituted this prosecution against appellant on May 23, 1933, three days after obtaining the decree of divorce.

We pretermit a consideration of the question of whether or not prosecutrix was, at the time of the institution of the prosecution, a "single woman" in the purview of Code 1923, § 3416 (Vance v. State, 210 Ala. 9,

97 So. 230), as the circumstances under which the warrant was "sworn out," to our knowledge, never concatenated before; and what we have written hereinabove being the law will probably never do so again.

For the refusal to give to the jury at appellant's request the general affirmative charge to find in his favor, the judgment appealed from is reversed; and, it appearing that appellant cannot lawfully be cast in the proceedings, it is ordered that he be discharged.

Reversed and rendered.