DARROW, GUARDIAN *v.* GEISEN.

[No. 15,273. Filed March 30, 1936.]

*Earl Rowley* and *C. V. Shields,* for appellant.

*M. E. Leliter,* for appellee.

KIME, P. J.—This was an action by the appellant guardian, on behalf of his ward, to quiet title to certain real estate by a complaint in one paragraph. This was answered by a general denial and a paragraph of cross-complaint asking that appellee's title be quieted to the same real estate. Appellant filed a general denial to this cross-complaint. These issues were tried by a jury who returned a verdict in favor of the appellee on his cross-complaint. Judgment was rendered in favor of the appellee that he was the owner of the real estate in question; that appellant's claim was without right and unfounded and that the appellee's title be quieted. Appellant filed a motion for a new trial which was overruled and that action was assigned as error here. The grounds of the motion discussed are that the verdict was not sustained by sufficient evidence; that it was contrary to law and error of the court in giving and refusing to give certain instructions.

The undisputed evidence was that Peter Geisen, at his death left a will devising certain real estate to his son, Peter A., for life; then to his issue, if there be such and in the event there be no such issue then to the other children of Peter surviving at Peter A.'s death. At the death of Peter A. there was only one surviving child of Peter and that was the appellee here, John Geisen.

Anna Szczechowiak, who went by the name of Anna Parker, married Peter A. Geisen on January 27, 1913. On the 28th day of May, 1914, she filed suit against him for separate maintenance. About one week or ten days later they discontinued living together under the same roof. A decree of divorce was rendered in November, 1914, on a cross-complaint of the husband. On December 21, 1914, Anna Geisen was married to John Knaack and on March 28, 1915, a child was born. This child is the ward of the appellant guardian here.

While Anna was the wife of Peter A. this child was conceived. There is no question as to said Peter A.'s legitimate access, in fact Anna testified positively, and she is not disputed, that they had sexual intercourse on July 4, 1914. There is no evidence.as to Peter A.'s impotency and until it is proven otherwise potency is presumed. Children conceived during lawful wedlock, where impotency is not established and the husband had intercourse with the wife within the normal period of gestation, are presumed to be lawful issue of that union for purposes of inheritance.

The briefs here were prepared after much research and considerable effort is exerted by counsel for both parties to advance and sustain their contentions. Presumption after presumption is cited to sustain the position of each party and cases are cited to sustain such presumptions. Some of these are conflicting and some have no application to the facts. Most of the cases cited are bastardy proceedings and those few which do involve inheritance are not applicable to the facts. They afford little if any help here except that some presumptions applicable in bastardy proceedings are also applicable here. This is a case of first impression, not alone in Indiana, but, so far as we are advised and able to

determine, in the whole of our law and that of which it is the outgrowth.

The question presented is: Shall a child conceived during the wedlock of one union inherit from the paternal side of that union when it is undisputed that the husband of that union was not impotent, had access to and actual sexual intercourse with his wife within the normal period of gestation; that the child was born within that period and was not prematurely born, even though before the birth of the child that union was dissolved by a divorce decree and the mother married to another, who acknowledged the child as his own, it not being shown that the latter husband ever had sexual intercourse with the mother prior to their marriage.

Of course this court will not presume to determine who was the actual father of the child. However for the purpose of inheritance a determination of who the legal father was will not be so troublesome.

Two presumpions are applicable to this case when taken with the facts proven. One is that a child conceived during wedlock is a lawful issue of that union. The other presumption is that the wife was faithful to the husband and until it is shown, by positive evidence, that the second husband here actually had sexual intercourse with the mother of this child within a normal period of gestation these two presumptions must prevail. The mere fact that the second husband could have had access to the mother is not sufficient to overthrow the presumption that she was faithful to the first husband. With the positive testimony of the mother that she had sexual intercourse with the first husband on July 4, 1914, coupled with these two presumptions, it would have been proper for the court to direct a verdict in favor of the appellant here upon his request, as this was a question of law.

From the above it is clear that the verdict here was contrary to law and not supported by sufficient evidence.

The judgment of the LaPorte Circuit Court is reversed with instructions to grant appellant's motion for a new trial.

Dudine, J., concurs in result.