66 So.2d 745

**JACKSON v. JACKSON.**

**7 Div. 154.**

Supreme Court of Alabama.

June 30, 1953.

Dempsey & Hardegree, Ashland, for appellee.

A. L. Crumpton, Ashland, for appellant.

**LIVINGSTON, Chief Justice.**

This appeal is from a final decree awarding the appellee a divorce on the grounds of adultery, and dismissing appellant's cross-bill seeking a divorce on the ground of cruelty, together with alimony, custody of an infant alleged to be the child of the parties, and maintenance for the infant. By answer to the cross-bill, the appellee denied that he was the father of the child.

Most of the matters urged upon this appeal deal only with the weight of the evidence. The evidence was not taken orally before the trial court, and under such circumstances we are not unmindful of our duty in such cases. We have examined the evidence most carefully, and suffice it to say, we conclude that there is ample evidence to support the decree of the lower court in awarding appellee a divorce on the grounds of adultery of the wife. A review of the evidence would serve no useful purpose.

One aspect of the cross-bill sought an allowance payable by appellee to the appellant for the support of her minor child. All relief was denied on the cross-bill with the following statement by the court in its decree:

"The court seriously doubting that the complainant is the father of this child makes no allowance in this decree, for the support and maintenance of said child. However, the Court reserves the right and authority to inquire further into this matter should a blood test disclose a mistake is being herein made."

Such an observation, in effect a conclusion from the evidence, supports the decree denying that feature of the relief sought by the cross-bill.

Without dispute, the infant here involved was born during the wedlock of Jessie Lee Jackson and Annie Maude Jackson. This, accordingly, raises a presumption of legitimacy. This presumption, however, is not conclusive. Bullock v. Knox, 96 Ala. 195, 11 So. 339; Butler v. Butler, 254 Ala. 375, 48 So.2d 318.

But we are constrained tc believe that in making such finding the court did not give due effect to the common-law presumption of legitimacy required by law, and unless further proof is adduced there should be made some sort of such allowance. That presumption may be overcome by proof of impotency on the part of appellee or his want of access to his wife during the time when pregnancy might have occurred, and other conditions in which it was impossible that the husband could have been the father of the child of his wife during their marriage. Bullock v. Knox, supra.

The decree of the court is affirmed insofar as it grants relief to complainant and insofar as it denied relief on that feature of the cross-bill which seeks a divorce and alimony for support of the wife.

Affirmed in part, and in part reversed and remanded.

All the Justices concur.