72 So.2d 851

### BALANCE v. BALANCE.

6 Div. 686.

Supreme Court of Alabama.

May 20, 1954.

Joe C. Barnard, Birmingham, for appellant.

Luther Patrick and Richard C. Godwin, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from a decree requiring the appellant to pay $30 per month for the support and maintenance of appellee's minor child and solicitor's fees.

The appellee married Robert Gaines in May 1951. On July 5, 1951, Gaines "went back into the Marines" and a few weeks later the appellee began to have illicit sexual relations with Lucian Balance, the appellant. These relations continued almost every weekend and in August or September she became pregnant. She secured a divorce from Gaines on December 21, 1951, in Jefferson County, and married Lucian Balance five days later in Mississippi, returning to Birmingham the next day. A child was born to appellee June 27, 1952, and named for appellant. This marriage also ended in a divorce and the decree, dated July 9, 1953, awarded the custody of the child to the appellee but made no provision for his support and maintenance. In October 1953 appellee petitioned the court for support and maintenance for her child and for solicitor's fees and it is from the decree awarding same that Balance has appealed.

There are 21 assignments of error but we do not consider those not argued, and it can be fairly stated that the argument is directed to No. 2, which reads:

"Said decree of the Court is contrary to the overwhelming weight of the evidence, and preponderance of the evidence, adduced upon the trial of this cause, in that the appellee hereto wholly failed to overcome the presumption of law that her husband to whom she was married at the time of conception, is not the legal father of the minor child in question."

The situation here is that the child was conceived during the existence of appellee's marriage to Gaines, but born during appellee's marriage with appellant and while they were living together as husband and wife.

The appellant argues that a child conceived during a marriage and born after that marriage is dissolved by divorce is presumed to be a legitimate child, Warren v. State, 26 Ala.App. 284, 158 So. 770, and that we should be governed in this case by that presumption.

But there is another presumption equally strong. Without dispute, the infant here involved was born during the lawful wedlock of Lucian Balance and Louise Balance. "This, accordingly, raises a presumption of legitimacy. This presumption, however, is not conclusive. Bullock v. Knox, 96 Ala. 195, 11 So. 339; Butler v. Butler, 254 Ala. 375, 48 So.2d 318." Jackson v. Jackson, 259 Ala. 267, 66 So.2d 745, 746. Thus by legal presumption the child could be the legitimate child

of either Gaines or the appellant, but in the instant case we need not indulge in either presumption, because the undisputed testimony is sufficient for a decision. See Vulgamore v. Unknown Heirs of Vulgamore, 7 Ohio App. 374; Darrow v. Geisen, 102 Ind.App. 14, 200 N.E. 711; Burtis v. Weiser, Tex.Civ.App., 195 S.W.2d 841; 10 C.J.S., Bastards, § 3, page 27.

 A look at the evidence, which was presented ore tenus before the lower court, is convincing that the decree of the court should be affirmed.

The appellant admitted the illicit sexual relations with appellee from July 1951 until he married her, that he paid for the divorce which appellee secured from Gaines, that he knew appellee was pregnant when he married her, that he submitted to the child being named for him and that he has furnished money for the child's maintenance since he and appellee were divorced.

The decree of the circuit court in equity is amply supported by the evidence.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.