296 So.2d 188

**Thomas G. DONAHEY**

**v.**

**Mattie Gertrude DONAHEY.**

**Civ. 317.**

Court of Civil Appeals of Alabama.

June 12, 1974.

Anne M. Weiss, Montgomery, for appellee.

Robert S. Lamar, Jr., Montgomery, for appellant.

WRIGHT, Presiding Judge.

This is an appeal from a decree of support of a minor child.

The parties were divorced in an uncontested action brought with the wife as plaintiff on January 11, 1961. The petition alleged that one child, Maria, had been born of the marriage. Custody of the child was given to the wife.

The petition out of which this appeal arose was filed by the former wife on August 23, 1973. It was titled a Petition to Modify. It alleged that a child of the marriage, Gere, was born August 9, 1961. The birth was subsequent to the divorce. Petitioner alleged that the latter child was hyperactive and subject to convulsive seizures; that he required special medical treatment and a special school as he was unable to progress in public schools. That petitioner was financially unable to provide the funds for support and expensive care and schools required.

Appellant answered that the court was without jurisdiction to entertain the petition because the alleged child was not submitted to the jurisdiction of the court in the original action; that appellant was not the father; that petitioner was guilty of laches for the delay of thirteen years before requesting support; that the matter was res judicata.

The trial court found for the petitioner, granting a decree of support, in the amount of $225 per month, with an attorney fee of $300. Thomas Donahey appeals.

The evidence material to this appeal was as follows: The parties were divorced in an uncontested action in January 1961. There was stated to be one child born of the marriage. Custody was given to the wife with nominal support for that child and two other children of the wife by a former marriage. The wife informed appellant she was pregnant but no mention of her pregnancy was made in the action. Appellant denied he was so informed, though he stated the parties discussed reconciliation some three months after the divorce decree. The child involved in this petition, Thomas Gere Donahey, Jr. was born August 9, 1961 with appellant certified as the father. In August 1963, the original decree was modified, changing custody of the child Maria to appellant. It was undisputed that Gere requires special schooling in private schools costing $1000 or more per month. He is hyperactive, though not retarded, and is subject to convulsions if not properly medicated.

Appellant has remarried and has three children from the latter marriage. His income, after taxes, is stated to be over $15,000, with an automobile and expenses furnished. He owns his own business. Appellee is employed as a cocktail waitress. Her income including tips is approximately $600 per month before taxes. Appellee remarried and was subsequently divorced. She had no other children after Gere.

Appellant first contends for reversal upon the proposition of lack of jurisdiction. His theory is that as the child Gere was not before the court in the divorce case, the court is now without jurisdiction to modify the original decree to provide support.

The proposition is an interesting one, primarily because of the designation of the petition as one to modify. It is perhaps definitively correct to say that a

decree may not be modified as to a child who was not before the court in the original proceeding. However, it cannot be said that because the matter of custody or support of a minor child was not brought before the court as a part of a prior divorce proceeding that a court of equity cannot subsequently have jurisdiction of such matters. A court of equity is always open to determine custody and/or support of a minor child. Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Brown v. Jenks, 247 Ala. 596, 25 So.2d 439. It has further been determined by the Supreme Court of this state that though custody or support of a child was not included in the original proceeding for divorce, such matter may be brought in the same court by supplemental proceeding. Such matter may be treated on appeal as if it were an original proceeding. Cleckley v. Cleckley, 250 Ala. 78, 33 So.2d 338; Bridges v. Bridges, supra. Designation of the petition and decree thereon as one for modification is of no material significance. "Any pleading showing upon its face that the welfare of an infant requires an order in respect to its custody and maintenance is sufficient to invoke equity jurisdiction." Cleckley v. Cleckley, supra.

Argument that such matter should be brought by a separate proceeding is not impressive.

■ We are unable to accept appellant's contention that issues which were or could have been litigated in the prior action are res judicata. Matters relating to custody and support of minors are never res judicata. They may become conclusive as between parties except for change of circumstances, but are not res judicata insofar as the welfare of the child is involved. McKinley v. McKinley, 277 Ala. 471, 172 So.2d 35.

Appellant contends that the doctrine of laches is applicable to the facts of this case. He submits that failure to seek support for the child or bring to the attention of the court and of appellant the

claim of paternity constitutes a bar to such action.

■ We do not accept that contention. It can be stated first that this is not a personal action for the benefit of appellee, but rather for the benefit of the child. An unreasonable delay of the mother in seeking support for the child cannot waive its rights to support nor remove the obligation of the father to furnish such support within his ability to do so. The contention that the issue of paternity is barred by laches is also untenable. Such issue was not presented by the petition but by the answer of appellant. It is a presumption of law that a child conceived during marriage though born after a decree of divorce is the child of the husband. Such presumption may be rebutted only by clear and conclusive proof that the husband could not be physically nor biologically the father. Warren v. State, 26 Ala.App. 284, 158 So. 770.

In this case, the court heard the evidence of the parties. The wife stating she had no sexual relation with any man other than her husband during her marriage to him. She stated she told him she was pregnant prior to the divorce. There is no evidence but that the child was born after the normal nine month gestation period. The appellant stated he had no sexual relations with appellee for seven to eight months prior to the divorce, though they lived together in the home and slept in the same room. He stated he considered reconciliation some two or three months after the divorce and intimated he had sexual relations with appellee at such time. At such time it may at least be inferred that appellee was five to six months pregnant with Gere. It can further reasonably be inferred that such pregnancy would have been observable during sexual intercourse if not otherwise. The blood test performed under direction of the court indicated that appellant could not be excluded as the father.

From all of the above evidence, and from observation of the witnesses during

the trial and testimony, the court decided the question of paternity adversely to appellant. We could not hold the finding of the court to be in error upon the conflicting testimony, even in the absence of the legal presumption of parenthood of appellant.

The remaining charge of error by appellant is that the court erred in granting support in the amount of $225 per month and in granting an attorney fee to appellee in the amount of $300.

■ We dispose of the latter charge with the well known law of this state that the granting of an attorney fee in such a case is a matter of discretion for the trial court. Counsel cites no authority in argument to the contrary.

■ The contention that the sum of $225 per month as support is too high in consideration of appellant's undisputed income and obligations has some merit. We recognize the rule that the amount of support is a matter within the sound discretion of the trial court after consideration of the needs of the child and the ability of the father to pay. Such discretion is not subject to reversal on appeal unless it has been exercised arbitrarily and is unjust. Cooley v. Cooley, 45 Ala. App. 461, 231 So.2d 915.

■ In this case, the educational and medical costs are unusually high. There was no evidence that appellant had been apprised of nor requested to assist with these expenses for nearly thirteen years. This could be viewed to the credit of appellee. However, the sudden requirement of the amount of $225 per month is unexpected and unplanned for. Since 1963 appellant has had custody of and fully supported the other child of the marriage, Maria. It appears from the evidence that appellant is heavily obligated with debts and requirements of supporting and educating four children. It is therefore the opinion of this court that the sum of $225 per month as support is

excessive and should be reduced to $125 per month. However, if the decree required the payment of $225, in the event such sum is necessary toward payment for medical or institutional care for the child, we would affirm.

Therefore, the decree of December 10, 1973 is reversed insofar as the amount of support, and the trial court is directed to reduce the sum of support from $225 per month to $125 per month, except that if the child is enrolled in and regularly attending a special private school, is hospitalized or under the regular care and treatment of a psychiatrist or psychologist, the payments shall be increased to the sum of $225 per month for such period.

Affirmed in part, reversed in part and remanded with directions.

BRADLEY and HOLMES, JJ., concur.

Appellee's request for attorney fee on appeal is denied.