The appellant-defendant was found to be the father of a child in a paternity proceeding before a jury in the Circuit Court of Chilton County. The defendant appeals, contending the evidence was not sufficient to rebut the presumption that a child conceived during marriage is presumed to be the child of the husband. We cannot agree and affirm.
Viewing the record with the attendant presumptions, we find the following pertinent facts: The prosecutrix-mother separated from her husband in April, 1975.[1] They never lived together after that time nor did they date or see each other socially. The mother testified that she and her husband never again had sexual intercourse and that their contact was limited to merely passing each other on the street. They were divorced in October, 1975.
In May, 1975 the mother moved to Birmingham away from her husband and began living with the defendant in June. They continued to cohabit in the mother's apartment until October, 1975, at which time the mother left her apartment. During their cohabitation, the mother testified that she dated no one else and that she and the defendant had intercourse several times weekly. The record contains conflicting testimony concerning the use of contraceptives by the parties during this time.
The mother further testified she had not had sexual relations with anyone for three months prior to her meeting the defendant. The mother became pregnant in October, 1975, but did not notify the defendant of this until after she had moved out of the apartment. The child was born in May, 1976.
There was a finding of paternity against the defendant by the District Court of Chilton County in June 1977. That decision was appealed to the Circuit Court of Chilton County for a trialde novo. As noted above, the jury returned a verdict finding the defendant to be the father of the child. Defendant appeals.
The defendant contends the evidence is not sufficient to find him to be the father of the child. In support of this, the defendant relies on the oft-stated principle that a child conceived during marriage, though born after decree of divorce, is presumed to be the child of the husband. See Butler v.Butler, 254 Ala. 375, 48 So.2d 318 (1950).
Put another way, defendant argues that since the mother and her husband were married at the time of conception, the child is to be presumed legitimate even though they were divorced when the child was born. The defendant furthermore contends that the testimony at trial was insufficient to rebut the above presumption of legitimacy and hold him the father of the illegitimate child. *Page 331 
While we are well aware of the presumption of legitimacy, this presumption is not conclusive. As the court in Jackson v.Jackson, 259 Ala. 267, 268, 66 So.2d 745, 746 (1953), aptly stated:
 "That presumption may be overcome by proof of impotency on the part of appellee or his want of access to his wife during the time when pregnancy might have occurred, and other conditions in which it was impossible that the husband could have been the father of the child of his wife during their marriage. . . ." [Emphasis supplied.]
The record, as noted above, is replete with evidence to rebut the presumption of legitimacy. This evidence is in large measure uncontradicted. The wife's last social contact with her husband, besides a chance meeting on the street, was in April, 1975. She started living with the defendant in June, 1975, and continued to do so until October, 1975. During this period, the mother dated no one else besides defendant. The record further reveals that the mother and defendant had an active sexual relationship during their cohabitation. She discovered her pregnancy in October and the child was born in May, 1976.
In view of the above, we cannot say the state failed to meet its burden of showing that the husband was not the father of the child. It is clear to this court that there was no evidence of cohabitation or access between the wife and husband during the time pregnancy might have occurred. Suffice it to say, the record contains overwhelming evidence tending to show the defendant as the father and thus rebutting the presumption of legitimacy.
Defendant, through able counsel, argues that Donahey v.Donahey, 52 Ala. App. 596, 296 So.2d 188 (1974), applied and that the state has failed to meet its burden. Defendant contends that Donahey, supra, stands for the proposition that the presumption of legitimacy may be rebutted only by proof that the husband could not physically nor biologically be the father.
Even if the defendant's contention is correct, we would note that Donahey, supra, is clearly distinguishable from the situation in the instant case. Donahey involved a situation where the husband, i.e., the reputed father, was attempting to prove illegitimacy and had to overcome the presumption. In the present case, the wife is attempting to prove illegitimacy as against a third party, the defendant. The husband is not involved in this case. This is a paternity proceeding and the defendant, the reputed father, is attempting to use the presumption of legitimacy in this case as a defense in an effort to avoid being found to be the father. Based upon the above rationale, we find the language contained in Jackson,supra, to be controlling in this instance.
We would further note that we find no conflict in Donahey andJackson, supra.
Additionally, this court finds no conflict in the instant appeal and in the recent case of the Supreme Court of Alabama of Leonard v. Leonard, 360 So.2d 710, 1978.
The above being dispositive of the issue in this case, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note that the husband was not involved in the case below in any way nor is he involved on appeal.