This appeal is from judgments of the trial court in a divorce case which ordered that the husband, wife and a baby child be given blood grouping tests.
Six weeks after their July, 1980, marriage, the wife filed for a divorce. She alleged in her complaint that she was then pregnant with the husband's child. The husband's answer and counterclaim claimed that he married the wife because she was pregnant at the time and that she represented to him that he was the father of the unborn child. He denied his paternity of the child and prayed for a marriage annulment.
The husband promptly filed a motion which sought blood grouping tests of both parties and of the child upon the child reaching six months of age. The trial was held before the trial court, however the evidence is not in the appeal record. After the conclusion of the trial but on the same date, the circuit court granted the husband's motion for the blood grouping tests. The divorce judgment was rendered in December, 1980.
Under the terms of the divorce judgment, the husband was held responsible for the *Page 1168 
wife's hospital and medical bills to be incurred as to the birth of the child, at which time the husband was ordered to pay $200 per month as temporary child support. Jurisdiction was expressly retained to enable the court to make such further judgments as to the care, custody and maintenance of the child as the court then deems necessary.
In April, 1981, the husband filed a motion which alleged that the child had been born on January 29, 1981 and that the blood grouping tests should include not only red cell grouping but also white cell grouping (HLA) because when HLA testing is performed in conjunction with red cell typing the combined chance of exclusion is over 97%. We construe those averments to mean that, if in fact a husband is not the father of a child, the results of the combined tests would scientifically show him not to be the father in 97 times out of 100.
By two June, 1981, orders, the trial court directed that the blood tests be conducted on July 27, 1981 at the husband's expense. The wife perfected an appeal from those June judgments and she here raises as the only issue the problem of whether or not blood grouping tests may be ordered by the trial court in divorce actions in an attempt to disprove that the husband is the father of a particular child. Exceptionally good briefs have been filed by learned counsel for each party. We affirm.
While the two June judgments are not final in nature and will not support an appeal, we, in this instance, in view of the subject matter and prior unreported actions by this court, opt to treat these proceedings as if mandamus or prohibition had been sought. This is done in deference to most earnest counsel in order to prevent multiple appeals and in the spirit of ARAP rule 1 to assure a just, speedy and inexpensive determination of this issue upon its merits.
The wife contends that, under Mason v. Mason, 276 Ala. 265,160 So.2d 881 (1964), the trial court had no authority, in a divorce case, to order such tests.
The language contained in more recent cases is at varience with or is repugnant to the holding in the Mason case. Leonardv. Leonard, 360 So.2d 710 (Ala. 1978); Curry v. Curry,402 So.2d 1019 (Ala.Civ.App. 1981); Donahey v. Donahey, 52 Ala. App. 596, 296 So.2d 188 (1974). Also, the adoption of rule 35, ARAP, by the supreme court overcame the prohibition of that 1964 case.
Justice Shores authored an opinion in Leonard v. Leonard,supra, which was concurred in by three other justices, which stated as follows:
 This presumption of legitimation may be rebutted by clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father. Arthur v. Arthur, 262 Ala. 126, 77 So.2d 477 (1955); Warren v. State, 26 Ala. App. 284, 158 So. 770 (1935). . . .
. . . .
 . . . Any evidence which is competent and which tends to show clearly and convincingly that the husband could not be physically or biologically the father is now admissible. Arthur v. Arthur, supra; 10 C.J.S. Bastards § 3, p. 18. . . .
Leonard v. Leonard, at pp. 712, 713.
In a concurring opinion in Leonard by the chief justice, which was concurred in by another justice, the following appears:
 I concur in the result reached by the majority only because a thorough review of the record shows that appellants, in this particular case, failed to offer clear and convincing evidence tending to show that it was naturally, physically or scientifically impossible for Leroy Wilcox to be their natural father.
Leonard v. Leonard, at pp. 713-14.
In the unreported case of McClure v. McClure, Civ. 1719 (Ala.Civ.App., January 25, 1979), this court had before it the same issue as in the instant matter. There, the wife sought a divorce. The husband's counterclaim sought an annulment of the marriage and alleged that at the time of their marriage the wife was pregnant through the agency of a man other than the husband. Under ARCP, rule 35, the husband sought blood group testing for both parties and the child. When that motion was *Page 1169 
granted by the trial court, the wife sought a writ of mandamus in this court. The writ was denied, without opinion, citingLeonard v. Leonard, supra, and rule 35 (a).
That rule, which became effective in 1973, states in part that when the blood group of a party, or of a person in the custody of a party, is in controversy, the trial court may order that such party, or person, be examined. The court's order may be made only on motion "for good cause shown" and after due notice. Rule 35 (a) is not limited to only personal injury actions but it is universal in its application to all civil actions. Under that rule, it is proper to order blood grouping to aid the court in a divorce action in determining whether a husband is the father of a child. 8 C. Wright A. Miller, Federal Practice and Procedure § 2232 (1970).
The trial court has a judicial discretion to exercise when presented with a motion seeking the blood group testing of the parties and of a child in a divorce case. An order for such testing must not be routinely granted as of right, but should be carefully utilized. Such an order should be granted only when good cause therefor is first shown after due motion and in strict compliance with procedural due process as to notice and hearing. Section 234 of 8 C. Wright A. Miller, supra, contains an excellent discussion of the meaning of "good cause shown." If blood group testings are performed, after proper predicate has been laid on the trial of the issue, evidence of the results of such tests and of the medical or scientific meaning and effect of the results of the tests is admissible in aid of the trial court in determining whether or not the husband is the natural father of a particular child.
Here, the trial court orally heard the evidence which is not before us. Accordingly, it is presumed that good cause appeared in that evidence for the initial granting of the husband's motion for blood grouping. Floyd v. State Department ofIndustrial Relations, 400 So.2d 409 (Ala.Civ.App. 1981). No abuse of judicial discretion is shown as to the judgments pertaining to blood grouping tests. We affirm.
The wife's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.