BRADLEY, Judge.
The appeal is from the child support and visitation provisions of a divorce decree.
The parties to this appeal were divorced on August 20, 1982 for incompatibility of temperament. All issues except attorney fees, child custody and child visitation were stipulated by the parties. The trial court’s decree awarded custody of the five year old child to the mother and awarded her child support of $200 per month, plus requiring the father to pay all the child’s educational and medical and dental expenses. The decree also authorized the father to have the child from six p.m. on Friday to six p.m. on Sunday every other weekend.
The father appeals from this decree claiming that the trial court erred by not awarding him more visitation with his child and requiring him to pay for the child’s educational and medical and dental expenses in addition to the $200 a month awarded as child support.
As to the father’s first issue, a trial court is given wide discretion in the award of child visitation rights to a parent, and its award will not be set aside except for an abuse of that discretion. Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891 (1969). We find no such abuse in this case.
The evidence shows that the mother and father are fit persons to have custody of their five year old son and that they both love their child. There is evidence in the record that visitation with the father every weekend was permitted by the *1278 trial court on a temporary basis but that the child would return from these visits in an upset condition. An every other weekend visitation schedule was tried and resulted in a much happier, easier to handle child upon his return to his mother’s custody.
In view of the evidence, we cannot say that the trial court’s child visitation award amounted to an abuse of its discretion. We would point out, however, that child visitation rights can be changed by the trial court during the minority of a child whenever the circumstances warrant such a change.
The other issue raised by the father in this appeal concerns the requirement that he pay the reasonable and necessary medical, dental and educational expenses of his child. He argues that the court ordered him to pay $200 a month as child support and that such award includes medical, dental and educational expenses. He says he should not be required to pay anything in the way of child support in addition to the $200 per month.
The duty of á father to support a minor child whose custody is placed with the mother is determined by the needs of the child and the financial capability of the father to satisfy those needs. Winfield v. Winfield, 415 So.2d 1111 (Ala.Civ.App.1982). Moreover, the amount of child support is a matter well within the sound discretion of the trial court and an exercise of such discretion will not be reversed on appeal except where such exercise is arbitrary and unjust. Donahey v. Donahey, 52 Ala.App. 596, 296 So.2d 188 (Ala.Civ.App.1974).
Although the parties stipulated that the father would pay $200 a month as child support and the court accepted that stipulation, nevertheless, the trial court, after hearing testimony, concluded that the father should be required to pay for the child’s medical, dental and educational expenses. We find no abuse of discretion in the additional award of support.
The evidence reveals that the father was employed, that he wanted to give his son a good education, that the child was enrolled in a private school where he attended kindergarten classes, and that the father wanted to participate in the medical and dental decisions relative to his son. We would note here the record does not reflect any particular medical or dental problems with which the child is presently afflicted. The evidence also shows that the mother’s take-home salary was $208 every two weeks.
In view of the mother’s relatively small income, the enrollment of the child in a private school, and the desire of the father to be involved in the future medical and dental decisions concerning his child, we cannot say that the trial court’s child support award is arbitrary or unjust. Again, we point out that child support is a matter for a trial court’s concern during a child’s minority and can be changed if the circumstances require it.
The mother is awarded a fee of $350 for the services of her attorney on this appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.