EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child custody case.
Robert Austin and Carrie Edwards Austin were married in 1968 and were never divorced. The child in question was born to Carrie in 1974. The mother died in July 1983, at which time Mittie Edwards, the maternal grandmother, took this child and Carrie’s other two children into her home to raise them.
In April 1984, Jessie Robinson filed his petition in Coffee County for a writ of habeas corpus for the custody of the child. He alleged that he was the child’s natural father and that the child’s mother is deceased. The grandmother’s motion to transfer the case because of improper venue was overruled by the trial court. After an ore tenus trial, the circuit court ascertained that Mr. Robinson was the natural father of the child, and the child’s custody was awarded to him. The grandmother duly appealed.
The grandmother first argues that the trial court erred in not transferring this case to an appropriate court in Covington County because of a lack of proper venue in Coffee County. However, such a ruling may not be reviewed by us upon an appeal from a final judgment. Davis v. Marshall, 404 So.2d 642 (Ala.1981); Thompson v. Thompson, 428 So.2d 76 (Ala.Civ.App. 1983).
The grandmother next contends that the evidence was inadequate to support the final judgment. The opinion in Leonard v. Leonard, 360 So.2d 710 (Ala.1978) is determinative of that issue. The applicable law was there summarized as follows:
“It is a long-standing rule of the common law, and one frequently recognized in this state, that a child born to a mar *258 ried woman is presumed to be the legitimate offspring of her husband. Carnegie v. Carnegie, 261 Ala. 146, 73 So.2d 566 (1954); Sims v. Birden, 197 Ala. 690, 73 So. 379 (1916)- This presumption of legitimation may be rebutted by clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father. Arthur v. Arthur, 262 Ala. 126, 77 So.2d 477 (1955); Warren v. State, 26 Ala.App. 284, 158 So. 770 (1935).”
360 So.2d at 712.
The Leonard case, supra, further expressly held that, where the mother was married, proof that a man other than her husband was the natural father of her child is inadequate in the absence of any clear and convincing evidence that it was naturally, physically or scientifically impossible for the husband to be the natural father of the child. As was true in the Leonard case, supra, there was a failure here by Mr. Robinson to meet the burden of proof to overcome the presumption of legitimacy by clear and convincing proof, tending to show that it was impossible for Mr. Austin, the mother’s husband, to be the father of this child. In short, the evidence was inadequate since it was concerned solely with Mr. Robinson’s paternity of the child, and no evidence was presented which overcame the presumption that Mr. Austin, the mother’s husband, was the child’s father. Leonard v. Leonard, supra. For that reason, we must reverse and remand this case. In view of this reversal, it is directed that custody of the child be ordered returned to the maternal grandmother, Mittie B. Edwards. If this matter is further pursued after remand, Mr. Austin should be made a party to this civil action, so as to overcome any questions which might arise under Rule 19 of the Alabama Rules of Civil Procedure because of his nonjoinder.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.