ALMON, Justice.
These cases involve challenges by Beverly Tomjack and Louise Barrett to the granting of letters of administration in the estate of Foster Junior Wedgeworth to the decedent’s son, Jerry Wedgeworth. The cases were consolidated and tried before a jury, which decided that the letters were properly granted. The trial court entered judgment on the verdict, from which Beverly Tomjack and Louise Barrett appeal.
In October of 1956 Foster Wedgeworth married Beverly Parker in Tuscaloosa County. On June 8,1959, Mr. Wedgeworth divorced Beverly for voluntary abandonment of bed and board. In his divorce action, he had alleged that her whereabouts were unknown, and she was served with notice of the action by publication in the Tuscaloosa News. That former wife Beverly, is the Beverly Tomjack now challenging the letters of administration. She testified that she received a copy of the divorce judgment in December of 1959. She did not contest the jurisdiction of the Tuscaloosa Circuit Court or challenge the divorce judgment on any other basis at that time. Instead, she relied on the validity of the divorce decree and married Arthur Tomjack on March 12, 1960. She has remained married to Mr. Tomjack since that time.
Foster Wedgeworth married his second wife, Delena, in September of 1959. Dele-na gave birth to a son, Jerry Wedgeworth, on November 14, 1961. Foster and Delena divorced October 17, 1962. The record reveals that Jerry is the only descendant of Foster Wedgeworth, who died intestate on March 2, 1985.
Appellant Beverly Tomjack argues that the divorce judgment of June 8, 1959, is invalid because the court did not have jurisdiction over her at the time. She claims that Foster Wedgeworth knew that she was living in Michigan with her parents in 1959, but did not inform the court of her whereabouts and in so doing committed a fraud on the court. She contends that this fraud voids the divorce judgment.
Although this argument has some merit in the abstract, it is not factually supported in this case. As this Court said in Snod grass v. Snodgrass, 176 Ala. 276, 280-81, 58 So. 201, 202, (1912):
“As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into.The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years ... [is] a complete bar; and, as said in an early case, ‘the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, “and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible.” ’ ” Harrison v. Heflin, 54 Ala. 552, 563, 564 (1875).
This rule of repose “is similar to a statute of limitations, but not dependent upon one, and broader in scope.” Boshell v. Keith, 418 So.2d 89, 91 (Ala.1982). Under the circumstances of this case, Beverly Tomjack cannot contest the validity of the 1959 divorce decree 26 years after it has been entered. The purpose of the rule of repose is to prevent inquiry into claims, such as this, where the evidence is obscured by the passage of time and the deaths of necessary witnesses.
Beverly testified that she had knowledge of the divorce judgment shortly after it was entered in the record and that she received a copy of it within six months thereafter. She could have filed a motion for relief from the judgment at that time, but did not. Instead, she relied upon the judgment and remarried within a year. At no time prior to her second marriage did she make any effort to divorce Foster Wedgeworth or to ascertain the validity of *1258 the 1959 divorce judgment. It is difficult for this Court to conceive that Mrs. Tom-jack may rely on a divorce judgment in 1959 and then contest it 26 years later for lack of in personam jurisdiction, relying generally on Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877).
It has been suggested, by the Special Court in Duncan v. Johnson, 338 So.2d 1243 (Ala.1976), that the rule of repose does not apply in cases where a fraud has been perpetrated on the court. This question is not presented here, however, because Mrs. Tomjack offered no proof that Foster Wedgeworth in fact knew her whereabouts at the time he sued for divorce. Her conclusory allegations that the judgment was fraudulently procured are insufficient to rebut its presumption of validity after 20 years.
As this Court indicated in Wilkerson v. Wilkerson, 230 Ala. 567, 572, 161 So. 820, 823 (1935), “So far as the bill seeks to vacate the decree for invalidity, apparent on the proceedings, arising from the absence of jurisdictional averments in the bill, and absence of jurisdiction of the person, the right is not defeated by the rule of prescription.” (Emphasis added.) That case, which also involved a challenge to a divorce judgment on jurisdictional grounds, went on to explain that defects not apparent on the face of the proceedings would not be inquired into beyond the 20-year prescriptive period of the rule of repose. Because the defect alleged in the present divorce judgment is not apparent from the face of the proceedings, it will not be inquired into here. Therefore, this is a proper case for the application of the rule of repose.
Louise Barrett, a sister of the decedent, also asserts a right to prove the invalidity of the divorce of Foster and Beverly. Her argument is that the 1959 divorce is invalid, and that Jerry Wedgeworth is, therefore, illegitimate, and she is thus entitled to a share of the estate by intestacy. She argues that it was error for the trial court to refuse to admit into evidence Beverly’s deposition, her birth certificate, and the divorce judgment itself.
We agree with the trial court’s ruling that such evidence is irrelevant. If Beverly cannot contest the validity of the divorce 26 years after the decree, certainly the rule of repose prevents one not a party to the decree from contesting it.
Louise also contends that it was error to refuse to admit evidence of the birth of a purportedly illegitimate child to Delena shortly after she and Foster divorced. Her argument is that such evidence would impeach the credibility of Delena, who testified in this case, and would tend to prove that Jerry Wedgeworth is likewise illegitimate.
Although such evidence would tend to impeach Delena’s credibility, her veracity is not a pivotal issue upon which a finding of illegitimacy could turn. It is a strong presumption of law that children conceived during a marriage are legitimate. This presumption is rebutted only by clear and convincing proof that the father could not physically or biologically be the father. Leonard v. Leonard, 360 So.2d 710 (Ala. 1978); Donahey v. Donahey, 52 Ala.App. 596, 296 So.2d 188 (1974). Under Leonard, Louise would have to have proven, by clear and convincing evidence, “impossibility of access” showing that Foster Wedgeworth could not have had sexual relations with Delena during the probable time of conception of Jerry Wedgeworth. To the contrary, the record here indicates that Foster and Delena had sexual relations nine months prior to the birth of Jerry Wedge-worth. Evidence regarding the illegitimacy of a subsequent child is not relevant to this issue and was properly excluded by the trial court.
For the above stated reasons, we affirm the judgment.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.