This case involves a land dispute. The plaintiffs all claim an interest in land owned by the defendant in Monroe County. The plaintiffs asserted their claim on two theories: first, adverse possession; and second, that a 1959 judgment rendered in an action involving a judicial sale of the land is void. On this appeal the plaintiffs do not argue the adverse possession claim, and only assert facts relating to the validity of the 1959 judgment.
In 1959 the Circuit Court of Monroe County heard Case No. 3080, Tait v. Snyder. That action sought a partition or sale of the land that is the subject of this dispute. The plaintiffs claim that their predecessor in interest, DeWitt Tait, was not given notice of that action, and that the judgment is, therefore, void as to him and his heirs. After the judgment in that case, the land was sold to Sam G. Lowery in a judicial sale. The register's deed recites that the judgment in Tait v.Snyder was entered on June 5, 1959.
The trial judge in the present action, sitting without a jury, heard the evidence on the adverse possession claim and then allowed the plaintiffs to make a "proffer of evidence" on their claim that the 1959 judgment was void. This proffer of evidence showed the following facts, which, plaintiffs contend, shows that the 1959 action was void as to Tait and his heirs:
 1. The docket and fee book of 1959 shows no sheriff's fees paid for service of process as to Tait.
 2. The fee book does not show any distribution to any of the defendants (i.e., the defendants in the 1959 action) of money from the sale of the property Lowery bought.
 3. The Equity Division index does not indicate any final disposition of case No. 3080.
 4. Proof could be made of only two publications in the local newspaper.[1]
The plaintiffs also offered to prove that this evidence would have been given by the proper custodians of the records, and that in all cases diligent searches for the records in question had been made. The plaintiffs claim that this evidence shows that Tait was never properly served with process in the 1959 case and that the 1959 judgment was, therefore, void as to him and his successors in interest and resulted in Tait's being deprived of his property without the due process of law guaranteed by the U.S. Constitution.
The trial judge in this present case issued written findings of fact and conclusions of law, and entered a judgment in favor of the defendants.
First, we note, as stated earlier, that the appellants do not argue the propriety of the trial judge's order on the adverse possession claim. They do not raise any issue or cite any authority on this point, as required by Rule 28(c)(4), Ala.R.App.P. When an appellant fails to argue an issue in his brief, that issue is waived. Boshell *Page 4 v. Keith, 418 So.2d 89 (Ala. 1982). The trial court's judgment on the adverse possession issue is therefore due to be affirmed.
Second, we note that this action was not brought under Rule 60(b)(4), Ala.R.Civ.P., which provides for relief from a final judgment, if that final judgment is void or should be set aside. Regardless of how the validity of the 1959 judgment is raised, plaintiffs' claim must fail because of Alabama's well-settled rule of repose:
 " 'As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have demanded an accounting, and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to demand an accounting. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years . . . is a complete bar; and, as said in an early case, the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible.' "
 Barrett v. Wedgeworth, 518 So.2d 1256 (Ala. 1987), quoting Snodgrass v. Snodgrass, 176 Ala. 276, 280-81, 58 So. 201, 201-202 (1912) (citations omitted); Boshell v. Keith, 418 So.2d 89, 91 (Ala. 1982).
The trial judge found, as a matter of fact, that the final judgment in Tait v. Snyder was issued on June 5, 1959, and that the sale took place on June 29, 1959, as recited in the register's deed. The sum paid was $3,268.00. The plaintiffs argue that the 20-year rule of repose should not apply because the register's deed was not issued until July 28, 1965, and this suit was filed on March 20, 1985 — four months short of 20 years later. We disagree. The final judgment in this case was issued on June 5, 1959, and that date is the starting point for calculating the rule of repose. Because over 20 years had passed after the judgment in Tait v. Snyder was issued and before this action was filed, we hold that it was barred. The difficulties that arise with the passage of time, as noted above, have manifested themselves in this case, and the rationale behind the rule of repose is here distinctly applicable.
The trial judge decided this case against the plaintiffs on the merits. Regardless of the reasoning by the court, the judgment correctly determines the case. Assuming, without deciding, that the trial court used incorrect reasoning, we hold that the decision is correct. A correct decision will not be disturbed even if the court gives the wrong reasons.City of Montgomery v. Couturier, 373 So.2d 625, 627 (Ala. 1979). The judgment of the trial court is, therefore, due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.
[1] We note that although Rule 4, Ala.R.Civ.P., now requires four publications to accomplish notice by publication, the local equity rules in 1959 may have been different. See, Code 1940, Tit. 47, § 186. *Page 5