HOLMES, Judge.
This is a child custody case.
After an ore tenus hearing the trial court divorced the couple, awarding the mother custody of the infant child. The father filed a timely motion for new trial, which was denied.
The father appeals, contending that the trial court erred in awarding custody of the infant child to the mother, and we affirm.
The dispositive issue is whether the trial court abused its discretion in the award of custody of the child to the mother.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed. The mother and father were married in April 1987, and the child was born on December 7,1987. Since their marriage the couple has had numerous marital problems, which culminated in their separation shortly after the birth of their child. Their problems were caused in part because the couple was living with the father’s parents. Subsequent to the child’s birth, the mother took the child and moved in with her own relatives.
Both the mother and father were eighteen years old at the time of the hearing and had attended different levels of high school. The testimony presented by both tended to reflect negatively upon the other’s abilities as a parent. The father was shown to have dated other girls while the couple was married. The mother, on at least one occasion, struck herself in the stomach while pregnant after arguing with the father. However, the record clearly shows that the mother has performed adequately as a parent since the couple’s separation. Furthermore, the father plans to work in Birmingham, which would necessitate his absence from the child during work.
In a child custody case the best interest of the child is of paramount importance. The determination of custody is addressed to the sound discretion of the trial judge, and when such discretion is exercised after an oral hearing, the decision will not be set aside unless it is so contrary to the evidence as to be clearly and palpably wrong. Mansell v. Mansell, 437 So.2d 588 (Ala.Civ.App.1983).
In view of this evidence we cannot say that the trial judge abused his discretion in awarding custody to the mother. It is not the reviewing court’s duty to substitute its judgment for that of the trier of fact. Miller v. Culver, 447 So.2d 761 (Ala.Civ.App.1984).
We feel constrained to make the following comments. The record before this *69 court reveals that the trial court was faced with a difficult decision. Neither the mother nor the father could be classified as a paragon of parenthood. However, the trial judge had the responsibility to make a decision. He exercised his responsibility and awarded custody to the mother. In all likelihood his decision was made with some reservations. It is not this court’s function to “second guess” that decision. It is our function to determine if an error was made under the law. As seen from the above, there was no reversible error committed.
The father also argues that the trial court erred in failing to grant his motion to order a mental examination of the mother pursuant to Rule 35(a), Alabama Rules of Civil Procedure.
Rule 35(a) provides that a trial judge “may order” a party to submit to a mental examination if the movant shows “good cause” why it should be ordered. The necessity of a mental examination is left up to the broad discretionary powers of the trial judge, and such an order must not be routinely granted as of right, but should be carefully scrutinized. See Balfour v. Balfour, 413 So.2d 1167 (Ala.Civ.App.1982). The exercise of this discretion will be disturbed on appeal only in those cases where a clear abuse is evident. See Clement v. Merchants National Bank, 493 So.2d 1350 (Ala.1986).
We note that we are not necessarily holding that Rule 35(a) would or would not apply here, only that, if applicable, we can find no error in the denial of the motion by the trial judge. Put another way, the trial court did not abuse its discretion in denying the father’s Rule 35(a) motion.
Last, the father contends error regarding certain findings of fact in the trial court's order. We pretermit any discussion concerning this issue, as we find any error harmless. See Rule 61, A.R.Civ.P.; Poston v. Gaddis, 372 So.2d 1099 (Ala.1979).
In her brief the mother argues that the father’s appeal is untimely pursuant to Rule 4(a), Alabama Rules of Appellate Procedure.
Rule 4(a)(1) requires a notice of appeal to be filed within forty-two days of the date of entry of the judgment or order that is appealed. Thus, in this instance, the date of entry by the clerk, rather than the date of rendition of the judgment, governs for purposes of computing the time within which notice of appeal must be filed. Holmes v. Powell, 363 So.2d 760 (Ala.1978).
Here, the clerk entered the judgment, and on the same day the father filed his notice of appeal. The father’s appeal is timely.
This case is due to be, and it is, affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.