Alfred Hampton and Ben Hampton (appellants) filed a complaint for declaratory judgment, asking that the trial court issue an order declaring that they are the sole heirs at law of James Wesley Hampton (deceased). After an ore tenus proceeding, the trial court entered an order finding that the appellants, as well as Carolyn Hampton, Hazel Bates Horton, and James Wesley Bates (appellees), are the children of the deceased. The appellants appeal. We affirm.
The dispositive issue is whether the trial court erred in finding that the appellees are the children of the deceased.
At the outset we note that the trial court's judgment, when entered after an ore tenus hearing, is presumed correct and will not be set aside when supported by competent evidence unless it is so palpably wrong as to amount to an abuse of discretion. Finkenbinder v. Burton, 477 So.2d 459
(Ala.Civ.App. 1985).
The record reveals that the deceased was killed on September 26, 1987. On October 8, 1987, Carolyn Hampton was appointed administratrix of his estate and, in that position, filed a product liability lawsuit against General Motors Corporation. Approximately two and one-half years later, this action was filed.
The appellants are the children of Rosemary Cane (or Goodwin) and the deceased. The appellees are the children of Dallas Bates, who married Ed Bates in 1939, had a number of children by him, and never divorced him. In 1954 Ed moved to Chattanooga, Tennessee, and Dallas did not see him again prior to his funeral in 1974.
Dallas began seeing the deceased shortly after Ed left, and they began living together in 1956. James Wesley Bates was born in 1956. Hazel and Carolyn subsequently were born during the time that Dallas and the deceased lived together, and the deceased is listed on Carolyn's birth certificate as her father. Dallas and Ed are no longer living.
A number of witnesses, including children of Ed Bates, neighbors, and members of the community, testified that Dallas and the deceased lived together as common-law husband and wife, that the appellees were born during that time, and that the deceased acknowledged the appellees as his *Page 235 
children and held them out to the community as his.
Although the appellees did not live with the deceased after 1963, they grew up knowing him as their father. They never knew Ed as their father.
In its order the trial court found that Ed never returned to Dallas and that it was impossible for him to be the father of the appellees, that the deceased lived with Dallas as a husband and that the appellees were born during that time, and that, based on testimony and other evidence, the appellees are the children of the deceased.
The appellants contend that the presumption of legitimacy is greatly favored and that the appellees did not rebut the presumption by clear and convincing evidence tending to show that it is naturally, physically, and scientifically impossible for the husband (Ed) to be the father. They further claim that abstinence or separation is not sufficient to prove the impossibility.
Section 26-17-5, Ala. Code 1975, of the Alabama Uniform Parentage Act provides presumptions for paternity as follows:
 "(a) A man is presumed to be the natural father of a child if:
 "(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage . . .;
". . . .
 "(4) While the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child;
". . . .
 "(b) A presumption of paternity under this section may be rebutted in an appropriate action only by clear and convincing evidence. In the event two or more conflicting presumptions arise, that which is founded upon the weightier considerations of public policy and logic, as evidenced by the facts, shall control."
Clearly, there was "clear and convincing evidence" pursuant to § 26-17-5(a)(1) to rebut the presumption of paternity regarding Ed. The overwhelming evidence indicates that Dallas did not see Ed after he moved to Tennessee and that she did not spend any time with him. Lack of access to the wife during the time that pregnancy would have occurred may overcome the presumption that the husband is the father. Jackson v. Jackson,259 Ala. 267, 66 So.2d 745 (1953); Ingram v. State,364 So.2d 329 (Ala.Civ.App. 1978).
The evidence also clearly indicates that the deceased openly held the appellees out as his children, another criteria for the presumption of paternity. See § 26-17-5(a)(4). Not only did the deceased claim to family members and to members of the community that the appellees were his children, there is evidence that he continued this relationship into the appellees' adulthood.
Based on the above, we conclude that the trial court's judgment is supported by competent evidence and that "public policy and logic, as evidenced by the facts," control. Section26-17-5(b). The trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.