201 So.2d 54

**Clifton F. BRITT**

v.

**Gayla Ann BRITT.**

**2 Div. 489.**

Supreme Court of Alabama.

June 29, 1967.

Callahan & Nichols, Tuscaloosa, for appellant.

John H. Curry, Carrollton, and Mize, Spiro & Phelps, Tuscaloosa, for appellee.

**PER CURIAM.**

The father here appeals from a final decree of the Circuit Court of Pickens County awarding the custody of his four-year-old son to his former wife and the mother of the child.

It appears from the record before us that appellee, on May 29, 1963, pursuant to her petition, was granted a final decree of divorce a vinculo matrimonii from appellant by the Circuit Court, in Equity, of Pickens County on the grounds of statutory cruelty. Appellant filed an answer denying the charge of cruelty, but there was no serious contest. Neither complainant nor respondent in the divorce proceedings invoked the power of the trial court to grant a custodial order with respect to the child born to their union and the subject of the instant litigation. The decree of divorce was silent as to such custody.

Thereafter, on October 11, 1963, appellant, while a resident of Pickens County, filed with the Register of the Circuit Court of Pickens County his petition praying the court to award him custody of the child, who was two years of age at the time.

When appellant's petition for custody was filed, appellee filed a plea in abatement alleging that she was not a resident of Pickens County when said cause of action arose and alleging that the Circuit Court of Pickens County was without jurisdiction to hear said petition. She also alleged that the Circuit Court of Mobile County, in Equity, had awarded her temporary custody of said child.

Neither appellant's petition nor the plea in abatement was the subject of a judicial decree of said court in Pickens County. The record fails to show disposition of the Mobile proceedings.

It appears from the record that pursuant to invitation of the trial court of Pickens County, and with consent of counsel for both parties, their advice and assistance, the parties, whether willing or unwilling, but in response to the suggestion of the trial court, did enter into a custodial agreement whereby each was to have alternate custody of the child for a period of six months. The trial court noted at the end of the agreement as follows: "The Court adopts this agreement as a part of the decree until further orders of the Court." The notation, without date or filing, was signed by the trial judge.

While the mother had custody of the child, whether rightfully or wrongfully she did, on the advice of her attorney, let appellant have custody with the understanding he could take the child to Tuscaloosa. This occurred on November 24, 1965, in Gordo. Appellee contends that appellant agreed to return the child to her the next day. The child was not returned. Appellee procured judicial process in Pickens County that day and regained possession of the child late that night.

While in possession of his son, appellant, on November 24, 1965, filed a custodial petition in the Circuit Court, in Equity, of Tuscaloosa County, praying that the court take jurisdiction and award him full and complete custody of his son.

The trial court of Pickens County, acting on a custodial petition for the child filed by appellee, by order dated January 17, 1966, fixed January 26, 1966, as the date to hear appellee's petition for custody of the child.

On the date set for hearing the petition, the father filed his verified plea in abatement by which he contended that he was not served with summons or process more than thirty days before said date to hear said petition, and that he was not given the legally prescribed time within which to plead, answer or demur to the complaint. —Equity Rule 17, Title 7, Appendix, Code 1940.

The father also contended in said plea that at the time said petition or complaint was filed, he was a bona fide resident of Tuscaloosa County, where he intended to reside. Also he contended that because of such residence the Circuit Court of Pickens County was without jurisdiction in said cause.

Another contention asserted in the plea is that at the time complainant filed her petition (in January, 1966) there was pending

in the Circuit Court of Tuscaloosa a custodial petition in which the father asserted his right to custody of the child; that the suit was filed prior to the mother's suit; that the issues were the same; that the court in Tuscaloosa County had assumed jurisdiction of all questions attempted to be raised in the pending cause; that the Circuit Court of Pickens County lacked jurisdiction of the subject matter.

We fail to find in the record any judgment on the plea in abatement. The trial court proceeded to hear the case on the merits after hearing evidence on the plea. It denied appellant's motion for continuance. The denial is assigned as error.

During the hearing on the merits, the trial court refused to permit the appellant to adduce any evidence that appellee, during her marriage to appellant, had committed adultery. It appears that the court was of the opinion that appellant was precluded from adducing evidence of adultery on the part of appellee because it was committed, if at all, prior to the divorce it had granted appellee.

> "* * * But facts which were known but not disclosed to the trial court in the original proceeding may be considered in a proceeding for modification, for neither the silence of the parties to the original proceeding nor any agreement entered into by them can prevent a court from looking after the interests of its ward. * * *"—Anonymous v. Anonymous, 277 Ala. 634, 639, 173 So.2d 797, 801.

In the instant case there had been no former hearing relative to the custody of the minor. The trial court had not had an opportunity to consider the truth vel non of the accusation that appellee had been guilty of adultery while she was married to appellant.

■ If appellee were guilty of adultery, appellant should have been allowed to show it, to be considered along with all the other pertinent testimony bearing on the custody of the child.—Cunningham v. Cunningham, 278 Ala. 90, 176 So.2d 22. The trial court erred in sustaining appellee's objections to the efforts of appellant to adduce this evidence.

While there was no specific ruling of the trial court on appellant's plea that the Circuit Court of Pickens County wrongfully assumed jurisdiction of appellee's petition to be awarded custody of the child, the trial court proceeded to hear the petition on its merits. We believe that it is proper here to state that the plea is without merit in its allegations and denial of the court's authority to entertain the petition. We again note that appellant had at a prior time, since the divorce, invoked the aid of the same court. This petition invoked and set in motion the jurisdiction of the trial court. The second petition filed by appellee was merely supplemental to the original petition of appellant. Appellant will not be allowed to invoke the custodial jurisdiction of the court granting divorce and then jump to another seeking the same custodial relief.

■ ■ In the decree of divorce, that court could have provided for the custody of the child but, whether so or not, a proceeding thereafter concerning such custody may be begun in the same court by supplemental proceedings, though they are treated in many respects as original, with the right to review by appeal as any other original proceeding.—Bridges v. Bridges, 227 Ala. 144, 148 So. 816. Appellant having lawfully invoked the jurisdiction of the Circuit Court of Pickens County, the child thereupon, if not when the divorce was granted, became a ward of the court and jurisdiction over the child did not terminate upon failure of appellant to pursue the petition to an award of custody.— Bridges v. Bridges, supra; Anonymous v. Anonymous, supra.

We think the decree should be reversed and the cause remanded. It is so ordered.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Cir-

cuit Judge, and is adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.