BRADLEY, Judge.
This child custody case comes to us from the Circuit Court of Dallas County.
The parties to this proceeding were divorced by that court on January 23, 1974. Custody of their children was placed in the mother. Some two months later the mother requested that the father take the children and care for them. Her reason for doing so was that she was destitute and had no prospects for future income. The father kept the children and cared for them for about two years. During the time the father had physical custody of the children they resided in Dallas County, Alabama.
In October 1975 the mother, acting pursuant to the decree granting her legal custody of the children, attempted to reclaim their physical custody and take them to her home in Illinois. Upon learning of the mother’s desire to remove the children from Alabama, the father petitioned the Dallas County Circuit Court to modify the previous custody decree by placing the children’s custody in him. He also asked that temporary custody be awarded him pending the decision on his petition for modification. This was done.
A hearing was held by the court on the petition for change of custody and answer thereto. At the conclusion thereof the court ordered that custody of the children remain with the mother, provided that she post a $500 bond to assure the father access to the children according to the visitation schedule established by the same order. Appeal from this order was perfected by the father to this court.
The evidence revealed that the circumstances of the mother, appellee herein, have substantially improved since her divorce. In May 1975 she remarried and is now living on an Air Force base in Rantoul, Illinois with her husband, a staff sergeant in the Air Force, and his young daughter by a previous marriage. Particularly she says that she is now in a position to provide the children with the medical and dental care which they badly need.
The appellant, too, has remarrie'd. The evidence tends to show that he and his wife have provided for the children to the best of their ability but that due to their limited financial status the care has not always been adequate. Appellant has incurred a substantial medical debt and with the expected birth of a baby faces the prospect of more medical expenses. There is no question that appellant and his wife love the children and treat them well.
During the course of the modification hearing, counsel for appellant attempted to adduce testimony of appellee’s adulterous conduct prior to the divorce of the parties. The trial court refused to allow this evidence.
A divorce decree fixing the custody of children is conclusive of the interests of the children and the rights of the parents, so long as the status at the time of the decree remains without material change or unless pertinent facts existing but undisclosed at the time of the decree are brought forth. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145 (1966).
The person asking the court to modify a previous custody decree has the burden of showing that circumstances have so changed as to warrant a modification, Jenkins v. Jenkins, 45 Ala.App. 500, 232 So.2d 680 (1970). Furthermore, the court must be ever mindful that each case rests on its own particular facts and circumstances and that the welfare of the children is always of paramount importance. Rowe v. Rowe, 45 Ala.App. 367, 231 So.2d 144 (1970).
In the case at bar the father had the burden of proving that conditions had *374 changed sufficiently since the last decree in order for custody to be placed in him. The trial court in effect ruled that he had failed to sustain this burden when it ordered that custody of the children be in the mother.
However, we are precluded from pursuing this aspect of the case, for the second issue raised by appellant is dispositive of this appeal. He says that the case should be reversed for the refusal of the trial court to allow testimony of the mother’s adulterous conduct prior to the divorce. Appellant contends that such testimony would have been relevant to the question of the mother’s fitness to have custody of the children.
Appellee’s position is that the trial court acted properly in refusing to hear such testimony. Although the appellant knew of this evidence at the time of the original divorce proceeding, alleging adultery as a ground of divorce in his complaint, he failed to present it to the trial court when the issue of custody of the children was first determined and instead agreed that appel-lee was the proper person to have custody of the children. She contends that appellant should not now be allowed to use that evidence to cast a cloud over her right as a mother to physical custody of her children.
In Anonymous v. Anonymous, 277 Ala. 634, at 639, 173 So.2d 797, at 801 (1965), the supreme court said:
“. . . [F]acts which were known but not disclosed to the trial court in the original proceeding may be considered in a proceeding for modification, for neither the silence of the parties to the original proceeding nor any agreement entered into by them can prevent a court from looking after the interests of its ward.”
In that case the trial court heard evidence at a custody modification hearing of the appellee’s conduct prior to her divorce from appellant, but the judge indicated in his decree that none of the evidence which related to conduct prior to the original custody decree and which was known to appellant at that former time could be considered in determining whether to modify that decree.
Anonymous was followed in Britt v. Britt, 281 Ala. 217, 201 So.2d 54 (1967). There the trial court refused to permit the appellant to adduce any evidence of the appellee’s conduct during her marriage to the appellant on the ground that it was not relevant to the issue of custody subsequent to the divorce. In both cases the supreme court held that the trial court erred to reversal.
In the case at bar the judge refused to hear evidence of appellee’s alleged adultery prior to divorce from appellant, stating he would hear and consider only evidence relating to conditions and circumstances since the divorce decree. Such a ruling is contrary to the enunciated rule in the cited cases and constitutes, as held in those cases, reversible error. We are not to be understood, however, as saying that such evidence would have been dispositive of the issue before the court, but only that the court should have heard and considered that evidence along with all of the other evidence presented to the court before making a decision.
For such error committed by the trial court, this case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.