This is a child custody case.
The appellee-father was awarded custody of three minor children born of his ten year marriage to the appellant-mother in a divorce decree rendered September 15, 1975. This proceeding was initiated when, on December 2, 1975, the father filed a petition in the Circuit Court of Morgan County asking that the mother be cited for contempt in that she took the parties' youngest child from the father's custody on November 7, 1975 and refused to return the child to the father. A show cause order was issued by the court on November 26, 1975 and a hearing on the matter was set for January 5, 1976.
On February 2, 1976 the mother filed a petition to modify the divorce decree so as to place custody of the three children in her. After a hearing where both parties presented evidence supporting their contentions, the trial court held that the mother had failed to carry the burden of proving such a change in circumstances since the divorce decree as to warrant a modification of that decree; consequently the petition was denied. The mother appeals.
The party seeking to modify a child custody decree has the burden of proving a material change in circumstances since the last custody decree which has so affected the welfare and best interests of the children as to require a change in custody.Ponder v. Ponder, 50 Ala. App. 27, 276 So.2d 613 (1973).
The trial court in the present case heard the evidence and decided there had been no sufficient change in circumstances since the last decree to warrant a modification. On review of that decision we give a presumption of correctness to it that can only be overcome by a conclusion that the evidence is sufficient to support a finding that the trial court is palpably wrong. Ford v. Ford, 54 Ala. App. 510, 310 So.2d 230
(1974), corrected, cert. den. 293 Ala. 743, 310 So.2d 234
(1975); Gould v. Gould, 55 Ala. App. 379, 316 So.2d 210, cert. den. 294 Ala. 757, 316 So.2d 214 (1975).
The evidence in the case at bar shows that the father works regularly and has done so for about nine years as a machinist in a manufacturing plant earning a weekly wage, including overtime, of about $180. He and his three children live in a three bedroom trailer in the immediate vicinity of several relatives who look after his children while he is at work and when he has to be away from home. He stated that he loves his children, and takes them to church and Sunday School on Sundays and Wednesdays. He awakens the children in the mornings; one of his relatives comes to his home to prepare breakfast and get the two oldest children off to school. The relatives keep the youngest child during the day and look after the two oldest children after their arrival at home after school until the father returns from work.
There was evidence in the record that the mother while married to the father abandoned the children on several occasions when she left with various men for varying periods of time. It also shows that the mother, after the divorce, took the youngest child from the father's custody and kept the child for about two and one-half months without letting the father know where the child was staying. It was also shown in the record that the mother has remarried and is living with her husband in Jefferson County, Alabama.
There was testimony in the record that the father had failed to properly care for the children by not keeping them clean and providing needed medical attention. This testimony was disputed by the father and other witnesses. *Page 1322 
After a careful examination of the evidence, we believe that the trial court could have reasonably concluded that the only evidence of changed circumstances since the divorce decree was the remarriage of appellant and that such circumstance, even though warranting consideration, did not standing alone, require a modification of the previous decree. Pezent v.Nelson, 52 Ala. App. 9, 288 So.2d 792 (1974). Consequently, we believe that the trial court's decree should be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.