WRIGHT, Presiding Judge.
This is an appeal from denial of a change of custody of a child. We reverse.
By judgment of August 1976, custody of a child, now three years old, was granted to the maternal grandmother as opposed to the natural father. The father was given weekly visitation privileges and was directed to pay weekly support.
In June 1977, the father again filed a petition for change of custody, alleging that there had been a material change in circumstances since the last judgment adversely affecting the welfare of the child. The change of circumstance alleged was that the grandmother had filed suit for divorce from her husband charging that he had struck her and endangered her life and health.
The petition for modification was heard orally by the court in July 1977. Change of custody was thereafter denied.
The father charges the court erred in three instances. The first error is stated to have occurred when the court refused to permit questions to be asked as to difficulties occurring between the grandmother and her husband prior to the judgment giving her custody in 1976. It appears to be the contention of appellant that in order to show a change in circumstances in the custodial home since the decree of 1976, it was necessary to go into conditions there prior to that time. The trial court observed that it was already cognizant of events and conditions in the home prior to August *615 1976, and such matters were not now admissible. There was no attempt to offer a showing of what was expected to be elicited.
This court and the Supreme Court have stated in more than one instance that any facts not previously disclosed to the court which would be relevant to consideration of the best interest of the child are admissible in a hearing on custody even though they may have occurred prior to the last decree. Lee v. Lee, 337 So.2d 372 (Ala.Civ.App.1976); Britt v. Britt, 281 Ala. 217, 201 So.2d 54 (1967); Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797 (1965). However, the court in this case stated it was aware of the matters sought to be elicited and appellant did not refute such statement in the record. Frankly, we do not see that the relationship between the grandmother and her husband prior to the last decree would be relevant to the issue of future custody. The difficulties which had occurred between them since 1976 and which precipitated the present petition for custody were fully explored in the testimony. We therefore conclude if there was error it was without injury. Rule 45, ARAP.
The second issue is whether the court erred in declaring a report prepared by a social worker a privileged communication and in refusing to permit her to be examined as to her findings and recommendations. This action by the court was error and requires reversal of its judgment.
The learned trial judge, when informed of the intention of calling the social worker for questioning concerning her investigation of the homes of the parties and her written report presented to the court, made the following statement:
“She’s claiming her privilege against testifying. The Court will not require her to testify. Her position as a social worker is a confidential relationship to this Court. Her investigations are not matters of public concern and frankly, Mr. Faile, I can’t prevent you from calling Mrs. Curtis to the stand and putting her on the stand as a witness, but I can prevent her from answering any of your questions if they deal with an investigation she might have made into either the Hoggle home or the Parten home.
“I think those are privileged communications that she has already related to this Court. They are in the breast of the Court and they are not matters to which these parties are entitled to be privy.” (R. 44, 45).
These statements by the court, we are sure, were made with all good intentions, but they are contrary to the law. There can be nothing considered as evidence by the court in reaching its ultimate decision that is kept secret from the parties and counsel. We do not know from what source the court made its determination that such should be done. Such action violates all principles of due process and if extended, could result in star chamber action. It violates the right of cross-examination. Tit. 7, § 443.
The record here indicates that the report by the social worker related to what she found in and about the homes of thé parties on frequent visits. It must be assumed that she reported her conclusions and recommendations. The court, according to its statement in the record, did not permit the parties nor counsel to read the report. It denied counsel the right to examine her as to her sources of information, interest, bias or basis of her conclusions and recommendations.
Such action cannot be permitted in our courts. The courts of this state are open, and nothing may be received or considered by the court in secret or confidence from the parties and their counsel. Every witness must be. subject to fair and complete examination and cross-examination under oath upon any material and relevant evidence. Lawson v. Jennings, 52 Ala.App. 582, 296 So.2d 176 (1974); Williams v. Pope, 281 Ala. 416, 203 So.2d 271 (1967); Danford v. Dupree, 272 Ala. 517, 132 So.2d 734 (1961). As the court indicated in Williams v. Pope, supra, there may be some testimo *616 ny withheld from a public hearing for various reasons, but none may be withheld from the parties nor counsel unless waived, nor kept from the record except by agreement of all parties.
In view of the necessity for reversal and remandment for the error herein shown, it is unnecessary to consider the sufficiency of the evidence to support the judgment. We therefore pretermit such consideration.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.