This case involves proceedings filed by the plaintiff, the mother of three minor children, to modify a divorce judgment to require the defendant, the father of the children, to pay a greater amount of child support.
On September 1, 1970 the parties were divorced. The divorce decree approved an agreement of the parties whereby the defendant promised to pay to the plaintiff as child support $300 each month. In 1978 the plaintiff filed her petition requesting that the support payments for the three minor children be increased; and, after an evidentiary hearing, a special circuit judge on August 14, 1978 denied the petition for modification. No appeal was taken from this judgment.
In April 1979 the plaintiff filed another modification petition seeking additional child support. The evidence as to this matter was heard ore tenus before a different circuit judge who decided on November 21, 1979 that there had been no material change in the circumstances and conditions of the parties between August 14, 1978 and November 21, 1979. The petition was denied by judgment of the court. At the conclusion of the evidence, the then trial judge stated that he probably would have found that there had been a material change of circumstances had he tried the case in August 1978, but that he could not act as an appellate court as to the prior judgment of another circuit judge. He, therefore, restricted his decision timewise as to whether there had been a material change in the circumstances and conditions of the parties between August 14, 1978 and November 21, 1979. It was decided that the fact that the defendant, during said period, received a twelve and one-half percent gross salary raise was a slight change in the parties' circumstances, not a material change after deducting taxes from such increase.
The dispositive issue here is whether a trial court, in deciding if sufficient changed circumstances exist to warrant modification of a child support decree, is limited to a consideration of the changes that occurred since the last decree that considered the question of modification or whether the court is permitted to consider the changes that have occurred since the last decree awarding child support or actually modifying a support award.
In the instant case the trial court considered itself limited to those circumstances that had changed during the period between August 14, 1978, the date the court denied a request for a modification of the original child support decree, and November 21, 1979, the date the court again ruled on a child support modification request.
Appellant contends that the trial court should have considered the changed circumstances that occurred since the last decree that awarded child support, which was the original divorce decree. We agree.
In Frazier v. Frazier, Ala.Civ.App., 342 So.2d 1320 (1977), we said:
 The party seeking to modify a child custody decree has the burden of proving a material change in circumstances since the last custody decree which has so affected the welfare and best interests of the children as to require a change in custody. Ponder v. Ponder, 50 Ala. App. 27, 276 So.2d 613 (1973). *Page 840 
And, in Womble v. Womble, 56 Ala. App. 318, 321 So.2d 660
(1975), a case involving a modification of a child support award, we held that the trial court's consideration of changed circumstances extended back to the last decree in which there had been a modification of the child support award. Also, seeClarke v. Clarke, 47 Ala. App. 558, 258 So.2d 902 (1972).
Although we have been unable to find any specific authority for the proposition that a trial court in deciding a child support modification petition is limited to the period since the last decree, whether it be one denying the modification petition or one modifying a prior child support decree, we think the rationale of the above cited cases persuasively suggests that the period within which the changed circumstances must have occurred extends back to the decree awarding child support or to the last decree modifying child support. Otherwise, a situation could occur, as did occur in the instant case, where the request for modification was denied because there were insufficient changed circumstances during the short period since the last modification petition was denied, whereas if the court could have considered those circumstances that had occurred since the child support award was made, it is likely that a different result would have been reached. The welfare of the children cannot be properly served without consideration of the totality of circumstances since they last received an order for support. The primary consideration is the need of the children. If the needs of the children and the ability of the father to respond to those needs have materially changed since the last award fixing the amount of support, the trial court should be able to consider those changes in fashioning its decree. Therefore, we conclude that the trial court erred in not considering those circumstances that had materially changed since the 1970 child support award.
Plaintiff has requested that she be awarded a reasonable amount as an attorney's fee for this appeal. We think $500.00 to be a reasonable fee for her attorney's services and hereby award her that amount.
The trial court's decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.