The parties were divorced on September 1, 1970. The divorce decree approved an agreement of the parties whereby the defendant-husband promised to pay the plaintiff-wife $300 each month for child support. In 1978, the plaintiff filed a petition requesting an increase in child support payments. Her request was denied, and no appeal was taken from the judgment. In April of 1979, plaintiff again petitioned the court for an increase in child support payments. A different circuit judge found that there had been no material change in circumstances since the 1978 petition, although there had been a material change in circumstances since the parties' divorce in 1970. The judge refused to consider any changes prior to the 1978 decree, and denied her request. Plaintiff appealed to the Court of Civil Appeals, which reversed the decision, holding that in considering a modification of child support payments, a court should consider all changes in circumstances since the last decree awarding or actually modifying child support, rather than only those changes taking place since the last decree that considered the question of modification. This Court granted certiorari on August 27, 1980, to review the holding of the Court of Civil Appeals. We now affirm.
We recognize the general proposition that in a child support modification proceeding, the party seeking the modification has the burden of proving that there has been a material change in circumstances since the last decree. Frazier v. Frazier,342 So.2d 1320 (Ala.Civ.App. 1977); Lee v. Lee, 337 So.2d 372
(Ala.Civ.App. 1976); Womble v. Womble, 56 Ala. App. 318,321 So.2d 660 (1975). However, this Court has not heretofore addressed the precise issue here presented.
Alabama courts have traditionally viewed with disfavor repetitive, harassing litigation over child support and custody. Greene v. Greene, 249 Ala. 155, 30 So.2d 444 (1947);Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580 (1927). A former decree is conclusive of the interests of the child and the rights of the parents, so long as the status at the time of the decree remains without material change. Messick v. Messick,261 Ala. 142, 73 So.2d 547 (1954).
However, the standard for setting child support is the needs of the child as compared with the ability of the parent to respond to that need. Thompson v. Thompson, 337 So.2d 1
(Ala.Civ.App. 1976); Donahey v. Donahey, 52 Ala. App. 596,296 So.2d 188 (1974). Unfortunately, these two factors rarely coincide. Therefore,
 [i]f the ability of the father to pay is so exceeded that he is unable to meet his own cost of self maintenance without sinking into insolvency, the best interests of the children are not served. The equities of each must be weighed by the court. *Page 842 
Pruett v. Pruett, 333 So.2d 580, 582 (Ala.Civ.App. 1976).
In the case before us, the problem described above is not a factor. The father is able to pay the extra child support needed by his children. Instead, the father seeks to avoid paying additional child support by resorting to a rather strict interpretation of our previous decisions. In cases involving child support, the Court is not bound by any strict rules of pleading or procedure, Hardy v. Hardy, 250 Ala. 297,34 So.2d 212 (1948), and the paramount consideration is the welfare of the children. Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526
(1945). While the party seeking to modify child support payments must show that there has been a material change in circumstances since the last decree awarding child support,Frazier v. Frazier, 342 So.2d 1320 (Ala.Civ.App. 1977); Lee v.Lee, 337 So.2d 372 (Ala.Civ.App. 1976); Womble v. Womble,56 Ala. App. 318, 321 So.2d 660 (1975), a petition to modify untimely filed in the interim should not, as a matter of law, foreclose a trial judge from considering all factors and changes occurring since the amount of child support was last fixed. To hold otherwise would deprive the children of divorced fathers, in some instances, of additional child support that the father is able to pay and of which the children have need. We therefore affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.