EDWARD N. SCRUGGS, Retired Circuit Judge.
By a postdivorce motion, the plaintiff-mother sought an increase in child support from the defendant-father. The trial court granted that relief and the defendant appeals.
The 1972 divorce judgment apparently ordered the defendant to pay $35 per week for the support of the two children of the parties, a daughter who was then four years of age and a seven month old son. In November, 1979, the parties filed a joint motion to reduce the child support to $17.50 per week since the daughter was then living with the defendant. The court rendered a judgment consistent with their joint motion.
The plaintiff’s present motion was originally filed in May, 1981. As last amended, it sought, among other relief, the increase in child support. She averred, in pertinent part, that the children were then thirteen and nine years of age, that the circumstances had changed due to their cost of living and the defendant’s income both having materially increased. After a contested ore tenus trial, the trial court’s judgment of November, 1981, ordered the defendant to pay $70 per week as child support.
The testimony of the plaintiff was that the reason for the November, 1979, reduction in child support to $17.50 per week was because she and her then husband were having domestic troubles and were subsequently divorced. Their problems occasioned the daughter’s residing with the defendant from August, 1979, until June, 1980, when he voluntarily agreed to, and did, resume paying $35 per week as child support. Her evidence was that the two children could not be supported for $35 per week because of a ten year change of circumstances with a consequent increase in the cost of living. The plaintiff’s take home pay as a secretary was approximately $220 per week.
The defendant was questioned as to his hourly rate of pay as of the approximate time of the divorce. His attorney objected to the question on the ground that the date of the last modification as to child support was in November, 1979, and that the court could not go behind that order. The objection was overruled. The defendant then answered that his earnings were between five and six dollars an hour when the divorce judgment was rendered and that he is presently being paid eleven dollars per hour. He testified that “I’ve just had a pay raise in the last month or two to get it up to this. Before then it was substantially less.” His 1981 gross earnings to the trial date were estimated to be $23,000. Without con *128 sidering overtime, his straight time weekly take home pay was from $200 to $220.
The defendant’s first contention is that the trial court erred in failing to restrict the evidence to those changes in circumstances which had occurred only since the November, 1979, judgment, citing Rowe v. Boley, 392 So.2d 838 (Ala.Civ.App.1980), affirmed, Ex parte Boley, 392 So.2d 840 (Ala.1981). In that case this court stated as follows:
[T]he period within which the changed circumstances must have occurred extends back to the decree awarding child support or to the last decree modifying child support. Otherwise, a situation could occur, as did occur in the instant case, where the request for modification was denied because there were insufficient changed circumstances during the short period since the last modification petition was denied, whereas if the court could have considered those circumstances that had occurred since the child support award was made, it is likely that a different result would have been reached. The welfare of the children cannot be properly served without consideration of the totality of circumstances since they last received an order for support. The primary consideration is the need of the children. If the needs of the children and the ability of the father to respond to those needs have materially changed since the last award fixing the amount of support, the trial court should be able to consider those changes in fashioning its decree.
392 So.2d at 840. In affirming this court’s opinion, the supreme court stated:
In cases involving child support, the Court is not bound by any strict rules of pleading or procedure, Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212 (1948), and the paramount consideration is the welfare of the children. Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526 (1945). While the party seeking to modify child support payments must show that there has been a material change in circumstances since the last decree awarding child support, Frazier v. Frazier, 342 So.2d 1320 (Ala. Civ.App.1977); Lee v. Lee, 337 So.2d 372 (Ala.Civ.App.1976); Womble v. Womble, 56 Ala.App. 318, 321 So.2d 660 (1975), a petition to modify untimely filed in the interim should not, as a matter of law, foreclose a trial judge from considering all factors and changes occurring since the amount of child support was last fixed. To hold otherwise would deprive the children of divorced fathers, in some instances, of additional child support that the father is able to pay and of which the children have need.
392 So.2d at 842.
In November, 1979, the defendant was under a court order to provide child support payments of $35 per week for two children, but one of the children had recently commenced living with him and he was presumably providing for that child’s total support. As a result, the parties agreed to reduce the amount of support to $17.50 each week. For two children the support payments had been $35 per week and for one child it was cut in half. No change in the legal custody of the daughter was made in 1979. When the daughter returned to reside with the plaintiff in June, 1980, the defendant agreed to pay, and did resume his payments of, $35 per week with no court order to that effect. From a practical standpoint, no actual change in the rate of support per child was occasioned by the November, 1979, judgment, which rate constantly remained the same, $17.50 per week per child in the plaintiff’s custody. The amount of child support per child under the plaintiff’s care, custody and control remained constant and unchanged since the 1972 divorce judgment.
To hold that, under those conditions, any evidence of any change in circumstances must be limited to the preceding two year period, from the November, 1979, judgment to the November, 1981, trial date, would violate the meaning and the spirit of the holdings in the Boley case, supra. It is inferred or implied in that case that if no material alterations in a support judgment have subsequently been rendered by the court, any change in circumstances dating from the rendition of that support judg *129 ment may be considered. Any judgment which is rendered after a support order and which later judgment does not materially affect or change that support order would not bar change in circumstance evidence going back to the date of such support order. Here, the 1979 judgment made no material change in the 1972 judgment in actual support which the defendant was required to pay per child. The trial court did not err in admitting into evidence the defendant’s testimony of his earnings as of the time when the divorce was rendered.
Additionally, “[w]hen a trial is without a jury, an error in admission of evidence does not authorize a reversal, if the judgment is sustained by other legal evidence. (Citations omitted.)” Newman Bros., Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App.1977), cert. denied, 354 So.2d 1142 (Ala.1978). Thus, even if the trial court erred in admitting the disputed evidence, a reversal would not be in order for there was other adequate evidence of a material change in circumstances which occurred since the 1979 judgment so as to justify the present award of child support. Instead of the one child in 1979, the defendant in 1981 had the physical and legal custody of both children. The youngsters had aged two years in that interval with corresponding increased needs and with an inflated economy continuing during the period. The defendant stated that he had received a substantial raise shortly before the trial. The trial court, without an abuse of discretion, could have rendered its 1981 judgment solely upon that evidence. We, therefore, are required to affirm as to that issue as raised by the defendant.
The plaintiff did not make in any manner a request for the allowance of an attorney’s fee and the record is totally silent in that respect. The trial court ordered the defendant to pay $350 to the plaintiff’s attorney as a reasonable attorney’s fee. The defendant raises the allowance of such fee as an issue upon his appeal. Because of the absence of any request for an attorney’s fee and since that issue was not tried by either express or implied consent of the parties, the learned trial court erred in making an award of an attorney’s fee and this case must be reversed and remanded on that ground. Lacy v. Lacy, 403 So.2d 251 (Ala.Civ.App.1981).
The plaintiff is hereby allowed, and the defendant shall pay to her, an attorney’s fee of $350 on this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.