The appellant John D. Forlini (father) and Alice Forlini Parsons (mother) were divorced in June 1978. The parties had four minor sons at the time of the divorce. The original divorce decree ordered the father to pay $980 per month in child support.
Because the sole issue raised on appeal deals with the father's ability to pay child support and the amount he is able to pay, the evidence as to his income since the divorce may be summarized as follows:
 Net Income Taxable Year Gross Income After Losses Income ---- ------------ ------------ ------ 1978 $76,697. $66,419. $51,266 1979 75,719 54,111 48,812 1980 78,430 65,224 59,821 1981 57,061. 42,888 37,823 1982 20,000 * *
1983 (projected)
* Tax return not filed as of last hearing. *Page 856 
When the parties were divorced the father was employed at Acuray where he continued to work through 1979. During 1980 and 1981 he was employed by Measurex. Both jobs were in the process control industry. In January 1982 his job with Measurex ended, and he experienced a marked decrease in his income and earning capacity. The industry was saturated and his income dried up. The father decided to change professions to the computer industry. He has since gone to school at nights and on weekends as part of his efforts in changing careers.
From February 1982 until July 1982 he attempted to set up his own company, Enerex, Inc., which ultimately failed, generating no sales and producing no income. For six months he lived off of his savings and those were depleted. In July 1982 the father worked for Olensky Brothers, a personal computer store, and in 1983 he changed jobs to work for another personal computer store.
One year after the divorce decree was entered, the court reduced the child support payments from $980 to $700 upon the father's motion for modification. In February 1982 he again moved the court for modification to reduce child support payments on the basis of a decreased income and earning capacity. A June 1982 decree reset the amount of child support at $980, and a July 1982 decree provided that he could pay $500 per month with the remainder of $480 arrearage accruing. He then filed a motion to modify in October 1982. The court denied his motion. The father appealed.
The only issue on appeal is whether the trial court abused its discretion by setting an amount of child support excessive of the father's ability to pay.
The Alabama Supreme Court has recognized that a divorced father must support his children reasonably according to his means. Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854 (1966). A divorced father's duty to contribute to the maintenance of his minor children is not limited to his wages but may also include income derived from property holdings and any other earning capacity. Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1 (1931). The determination of the amount of child support rests within the sound discretion of the trial court. Hall v. Hall,391 So.2d 122 (Ala.Civ.App. 1980).
"[T]he standard for determining child support is the needs of the child as compared with the ability of the parent to respond to that need." Ex parte Boley, 392 So.2d 840 (Ala. 1981). The court in Boley continued, stating that,
 "[U]nfortunately these two factors rarely coincide: therefore `[I]f the ability of the father to pay is so exceeded that he is unable to meet his own cost of self maintenance without sinking into insolvency, the best interests of the children are not served. The equities of each must be weighed by the court.'"
Id. at 841-42 quoting Pruett v. Pruett, 333 So.2d 580, 582
(Ala.Civ.App. 1976).
Modification of a prior child support award will be made only on proof of changed circumstances, and the burden of proof rests on the one seeking the modification. Wise v. Wise,396 So.2d 111 (Ala.Civ.App. 1981). In this case the burden was on the father. He contends that he does not have the financial resources to make payments as ordered and has therefore proven a material change in circumstances. The mother, on the other hand, claims he has failed to meet his burden of proof and that he does have adequate resources to make payments as ordered by the court.
It is not our prerogative to substitute our judgment for that of the trial court, Owens v. Owens, 412 So.2d 820, 821
(Ala.Civ.App. 1982); nevertheless, we must examine the evidence to see whether it supports the judgment. "The court is bound by the legal evidence or lack of it. It is not free to speculate as to the ability of the husband to pay." Alford v. Alford,368 So.2d 295, 298 (Ala.Civ.App. 1979). We have examined the evidence and find that the order for a monthly payment of $980 is not supported by it. *Page 857 
At the time of the last hearing on this case, the father's income had diminished significantly. He had a net salary of $1,200 per month. His other income was from real estate notes and rentals in the amount of $1,040 per month, which combined with his net salary totaled $2,240 per month.
At that time his current monthly living expenses for food, utilities, transportation, clothing and debts (according to undisputed testimony) were conservatively estimated to be $900 per month for him and his present wife and their daughter. Payment for the mortgage on his home and the two rental properties alone total $1,351.85. If he pays $980 per month child support, he could not pay the mortgages and meet his necessary living expenses. He had been unable to sell the rental property which provided $420 of his monthly income. Moreover, he testified that he had been able to meet his living expenses only by borrowing heavily and repeatedly, with his wife borrowing over $10,000 in the last year.
He has no money in any savings or other bank accounts and holds no other type of savings or liquid investments. He is buying his home and has two pieces of rental property valued at $64,000 and $30,000 respectively, and these properties are also subject to $56,000 and $26,000 mortgages respectively. It might be said that the father could dispose of the rental properties and use his equities to pay the support. However, to sell would diminish his monthly income to his net salary of $1,200 per month. Clearly he could not pay child support of $980 from that income.
As we said in Wise v. Wise, supra, "We believe that the trial court disbelieved the undisputed evidence related to [his] income and his access to funds to pay the amounts awarded by the divorce decree, and it was not at liberty to do so. Such error requires reversal." Id. at 113. The court may have set up the support payments as it did with the intent that if the father later increased his income by earning a higher salary, building his equity in the rental property or any other way, then the mother could garnish his salary or attach his property.
We sustain the order of $500 per month child support because the evidence supports it. However, we find neither evidence nor equity to support the ordered accrual of $480 per month. The trial court ordering a sum for child support is limited by the present ability of the parent to pay. It may not speculate upon a possible future ability to satisfy an accumulated judgment. Each such unpaid monthly amount becomes a final judgment upon which execution may be obtained at any time. Osborne v.Osborne, 57 Ala. App. 204, 326 So.2d 766 (1976). We know of no authority for basing an order for child support upon any criteria other than present ability to pay. It was said inMurray v. Murray, 84 Ala. 363, 4 So. 239 (1887), "Maintenance not beyond the husband's means, is all the law can enforce." It is to be remembered that modification may be had subsequent to an increased ability to pay. Boswell v. Boswell, supra, citingRoubicek v. Roubicek, 246 Ala. 442, 451, 21 So.2d 244, 252
(1945).
In Thomas v. Thomas, 281 Ala. 397, 203 So.2d 118 (1967), a divorced father was a doctor earning about $60,000 a year at the time of divorce. The mother was awarded $1,250 per month for the maintenance and support of herself and their two minor children. Shortly thereafter the father entered a residency program to study a different field of medicine wherein he would earn $400 per month. The court reduced support payments to $300 per month, with any balance deferred until after the residency was completed. Our supreme court held that any deferred monthly payments "are to be considered as future alimony payments not to become due until five months after Dr. Thomas has completed his residency, when . . . he may have the question of excess amounts again considered by the court." Thus, in that case, the court treated the amount of deferred support as future support payments subject to change should circumstances so warrant, rather than as an arrearage accruing monthly. *Page 858 
We find the reasoning in Thomas appropriate to the present case.
We consider that the trial court determined that the father was presently unable to pay $980 per month in child support; that circumstances justified a reduction in the amount of payment; and that $500 per month was a reasonable figure. Accordingly we uphold that part of the trial court's decree. We reverse with regard to the $480 arrearage accruing, finding it more reasonable to increase the payments at a later date when a material change in circumstances so warrants.
Appellee's request for attorney's fees is granted in the sum of $500.
AFFIRMED IN PART: REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.