BEATTY, Justice.
We granted certiorari in this case to determine whether the opinion of the Court of Civil Appeals, 455 So.2d 855, is in conflict with Ex parte Boley, 392 So.2d 840 (Ala.1981). We reverse and remand.
John Forlini and Alice Forlini-Parsons were divorced in 1978. The June 9, 1978, divorce decree incorporated the parties’ agreement giving custody of their four minor sons to Alice and setting John’s child support obligation at $980.00 per month. Later, John filed a motion to modify child support based upon changed circumstances (an anticipated decrease in earnings), and, on August 6, 1979, the trial court ordered his payments reduced from $980.00 to $700.00 per month. At the time of that order, John worked for Acuray. During *859 1980 and 1981, he worked for another company, Measurex. His employment with that company ended in January 1982 and, from February until July 1982, he attempted to set up his own company, Enerex, Inc., which was unsuccessful. During that time, Alice filed a motion to modify child support, and, on June 10, 1982, the trial court ordered an increase from $700.00 to $980.00 per month. Apparently, in response to John’s motion for reconsideration of that order, the trial court entered an order on July 20, 1982, allowing a payment of $500.00 per month with an accrual of $480.00 per month. Additionally, the trial court ordered John to resume payments of $980.00 per month and to pay any arrear-age when he found employment. Neither the June order setting child support nor the July order allowing the accrual was appealed.
On October 12, 1982, John filed a motion to modify the July 10, 1982, order based upon “a material change in circumstances since the entry [of that order].” The trial court denied the motion to modify by an order dated April 5, 1983, and amended that order on April 11, 1983. John appealed to the Court of Civil Appeals from the denial of his motion.
The Court of Civil Appeals stated that “the only issue on appeal is whether the trial court abused its discretion by setting an amount of child support excessive of the father’s ability to pay.” (Emphasis added.) That court then proceeded to analyze the propriety of the award made in the decree of June 1982 and amended in July 1982, which had set child support payments at $980.00 per month, but allowed the payment of $500.00 per month with an accrual of $480.00. These decrees had not been appealed. The court found that the $500.00 per month award was reasonable and upheld that part of the decree, but reversed with regard to the monthly accrual. That court relied upon the following language from Ex parte Boley, 392 So.2d 840, 841-42 (Ala.1981):
“[T]he standard for setting child support is the needs of the child as compared with the ability of the parent to respond to that need. Thompson v. Thompson, 337 So.2d 1 (Ala.Civ.App.1976); Donahey v. Donahey, 52 Ala.App. 596, 296 So.2d 188 (1974). Unfortunately, these two factors rarely coincide. Therefore,
“ ‘[i]f the ability of the father to pay is so exceeded that he is unable to meet his own cost of self maintenance without sinking into insolvency, the best interests of the children are not served. The equities of each must be weighed by the court.’
“Pruett v. Pruett, 333 So.2d 580, 582 (Ala.Civ.App.1976).”
Taken alone, this statement could lead to the erroneous conclusion that a trial court has unlimited discretion as to what evidence it can consider in deciding whether or not to grant a petition to modify child support. However, reading Boley in its entirety, it is clear that such an unlimited discretion is not what this Court intended.
The Boley decision dealt with an appeal from a denial of a motion to modify child support. The chronology of the trial court proceedings is as follows: (1) a divorce decree in 1970 which incorporated the parties’ child support agreement granting custody to the wife and setting the husband’s child support obligation; (2) a petition for modification of child support filed by the wife in 1978 which was denied and not appealed; and (3) a petition for modification of child support filed by the wife in 1979 which was denied and appealed. In ruling on the 1979 petition, the trial court refused to consider any material changes prior to the 1978 order which denied modification.
On appeal, the issue concerned the evidence the trial court should consider in regard to a petition for modification. More precisely, the issue was:
“[W]hether a trial court, in deciding if sufficient changed circumstances exist to warrant modification of a child support decree, is limited to a consideration of the changes that occurred since the last decree that considered the question of modification or whether the court is *860 permitted to consider the changes that have occurred since the last decree awarding child support or actually modifying a support award.’’ (Emphasis added.) Rowe v. Boley, 392 So.2d 838, 839 (Ala.Civ.App.1980).
This Court affirmed the holding of the Court of Civil Appeals that:
“[I]n considering a modification of child support payments, a court should consider all changes in circumstances since the last decree awarding or actually modifying child support, rather than only those changes taking place since the last decree that considered the question of modification.” (Emphasis added.) Ex parte Boley, 392 So.2d 840, 841 (Ala.1981).
Reading this language in light of our discussion in Boley regarding the needs of the child and the ability of the parent to respond to those needs, it is apparent that this Court intended that the trial court consider any material changes in the needs of the children and the ability of the parent to pay since the last award fixing the amount of support. In its own opinion in Boley, the Court of Civil Appeals recognized that:
“If the needs of the children and the ability of the father to respond to those needs have materially changed since the last award fixing the amount of support, the trial court should be able to consider those changes in fashioning its decree_” (Emphasis added.) Rowe v. Boley, 392 So.2d at 840.
Nevertheless, in the present case, the Court of Civil Appeals went beyond the standard of review approved in Boley and went beyond the date of the last decree fixing child support. Using the analysis of the Court of Civil Appeals, that court could have gone back to the original decree of June 1978 to determine changed circumstances. Obviously, under Boley, such a discretion was not recognized as the proper standard of review on the issue of child support. Thus, under the standard of review approved in Boley, the Court of Civil Appeals could not go beyond the June 1982 decree as amended in July 1982. This Court finds no fault with the opinion of the Court of Civil Appeals examining the obligation of the father based upon the June 1982 decree which was modified to permit an accrual of child support in July 1982. The error is in the review by that court of those prior decrees which were not appealed.
Because the opinion of the Court of Civil Appeals is in conflict with that court's holding in Rowe v. Boley, supra, and our holding in Ex parte Boley, supra, we have no choice but to reverse the judgment and remand this cause to that court for further consideration consistent with this opinion. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, SHORES, and EM-BRY, JJ., concur.
ALMON and ADAMS, JJ., dissent.