On Rehearing
BRADLEY, Judge.
In her motion for rehearing wife says the trial court’s judgment refusing to modify child support must be reversed because it considered evidence that went beyond the last decree, i.e. October 17, 1980, fixing the amount of child support, citing us to the recent supreme court case of Ex parte Alice Forlini-Parsons, 455 So.2d 858 (Ala.1984).
In Forlini-Parsons the parties were divorced in 1978 and child support was awarded. In August 1979 child support was reduced. In June 1982 child support was increased. These orders were not appealed.
In October 1982 husband filed a motion asking that the July 1982 order be changed because of “a material change in circumstances since the entry [of the order].” This request was denied in April 1983.
The supreme court said that this court, in considering the propriety of the 1983 decree, also considered the propriety of the 1982 orders which had not been appealed. That court then said that the court of civil appeals was limited to a consideration of changed circumstances since the 1982 decrees and had no authority to go beyond those decrees.
In taking this position the supreme court relied on the decisions in Rowe v. Boley, 392 So.2d 838 (Ala.Civ.App.1980), and Ex parte Boley, 392 So.2d 840 (Ala.1981). In both cases it was decided that the trial court is limited in child support modification eases to a consideration of evidence of changed circumstances “since the last decree awarding or actually modifying child support.”
In Boley the trial court specifically restricted its consideration of changed circumstances to the period since the last decree awarding or actually modifying child support. Likewise, in Forlini-Par-sons the October 1982 petition for modification of child support specifically requested that the trial court consider changed circumstances since the July 1982 order. The 1982 order changed child support. There is nothing to indicate that the trial court failed to observe this request.
In the case sub judice the parties introduced evidence of changed circumstances that extended beyond the 1980 modification order which changed child support. The evidence covered the period back to the 1976 divorce decree. There was no effort by the parties to prevent the trial court from considering this evidence, nor was the trial court informed that it was limited to a consideration of changed circumstances since the modification decree of 1980. In other words, the case was tried on the basis that the court could consider evidence of changed circumstances back to the divorce decree of 1976.
Where a case is tried on a particular theory, that same theory will be used in reviewing it on appeal. Bailey v. City of Mobile, 292 Ala. 436, 296 So.2d 149 (1974). Moreover, the trial court will not be put in error unless the matter complained about on appeal was called to its attention by objection or other appropriate method. Thompson v. Havard, 285 Ala. 718, 235 So.2d 853 (1970). The failure to object to the admission of inadmissible evidence amounts to a waiver of any error resulting from such admission. Watson v. McGee, 348 So.2d 461 (Ala.1977). The practical effect of this rule is that the parties may try their case on illegal evidence absent objection thereto. State v. Kennedy, 52 Ala.App. 470, 294 So.2d 439 (Ala.Civ.App.1974). No objection was made to the evidence of changed circumstances between 1980 and 1976, nor was the trial court
*178 requested to exclude it from its consideration.
The factual situation in the present case is different from the ones in Boley and Forlini-Parsons and, as a result, those decisions do not require that the instant case be reversed.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.