This is a case involving the enforcement of a prior decree of divorce.
The husband appeals from the trial court's denial of his petition for modification and ruling that the husband was in contempt of court and in arrears with his child support payments. He also appeals from the trial court's action with regard to the parties' home. We reverse and remand.
The husband and wife were divorced in the St. Clair County Circuit Court on October 9, 1981. The divorce decree incorporated an agreement of the parties in which custody of the two children was awarded to the mother. The father was ordered to pay $275 per month child support.
The title to the parties' residence remained in both parties' name although the wife was to assume the mortgage payments. It was agreed that, upon the sale of the home, the proceeds would be divided on an equal basis. The value of the house was then determined to be the appraised value at the time of the divorce. Any increase in value would be divided seventy-five percent to the wife and twenty-five percent to the husband.
Subsequently, in 1984 the husband filed a petition to modify, alleging a material change in circumstances and asking the court to grant custody of the children to him. This petition was denied on June 18, 1984.
On July 17, 1984, the wife filed a petition for rule nisi, alleging that the husband had failed to pay child support as ordered by the divorce decree and that he was in arrears in the amount of $3,575. She further alleged that the husband, without her consent or the approval of the court, had voluntarily assumed the mortgage payments on the house and discontinued child support payments. The husband subsequently failed to make the mortgage payments, resulting in the mortgage being foreclosed. The wife alleged that the husband had purchased the home at the foreclosure sale and ordered the wife and her children to vacate the premises.
The husband counterclaimed, seeking a modification of the custody of the two minor children.
The trial court, after an ore tenus trial, denied the husband's petition for modification and further found the husband to be in contempt of court and in arrears in his child support, in the amount of $5,675.
The trial court also found that the husband had acted "deceitfully and fraudulently" in causing the parties' jointly-owned home to be foreclosed upon and ultimately sold to himself.
The trial court ordered that the title to the home be revested in the husband and wife. Upon the sale of the home, the husband apparently was to be given a credit in the amount of $5,669.62, for payments he had made on the mortgage.
The husband makes three arguments on appeal: (1) that the trial court erred in not allowing testimony as to changed circumstances of the parties since the original divorce decree as evidence for the husband's *Page 456 
counterclaim for a modification of custody; (2) that the trial court was without jurisdiction to set aside the foreclosure sale and revest title in the parties jointly; and (3) that the husband was entitled to a credit against child support for payments made to St. Clair Federal Savings Loan Association.
The trial court, in considering the husband's petition for modification of custody, limited testimony to events occurring since June 18, 1984. This date marked the husband's last petition for modification of custody, which was denied. We find this limitation to be erroneous.
In Rowe v. Boley, 392 So.2d 838 (Ala.Civ.App.), aff'd,392 So.2d 840 (Ala. 1981), a former wife petitioned for a modification of child support. The trial court denied her petition on the basis that there had not been a material change in circumstances. In reaching this conclusion, the trial court had considered only evidence as to changed circumstances since the date of its last decree — a decree in which it had denied an earlier petition by the wife for modification of support. The trial court refused to consider evidence of changed circumstances arising prior to the last decree even though that decree had not affected, or modified, the amount of support.
On appeal this court, which was subsequently affirmed by the Alabama Supreme Court, reversed. We held that the trial court should consider evidence of changed circumstances extending back to the last decree which either awarded or modified child support.
Although Rowe v. Boley was a child support case, our reasoning therein is equally applicable to this, a child custody modification case. Moreover, in reaching our decision in Rowe, we cited language from Frazier v. Frazier,342 So.2d 1320, 1321 (Ala.Civ.App. 1977), a child custody case:
 "The party seeking to modify a child custody decree has the burden of proving a material change in circumstances since the last custody decree which has so affected the welfare and best interests of the children as to require a change in custody. Ponder v. Ponder, 50 Ala. App. 27, 276 So.2d 613 (1973)."
(Emphasis supplied).
It is clear to this court that the June 18, 1984, denial of the husband's petition for modification did not affect the welfare and best interests of the children so as to require a change in custody. Thus, we find that testimony should have been allowed that related back to the last custody decree which did so affect the children. From the facts of this case, we find that decree to be the original custody decree, i.e., the divorce decree of October 9, 1981.
While we find it necessary to apply the rationale of Rowe to this case, we should not be understood as favoring multiple litigation over the custody of children. As to all matters of custody, as well as child support, the courts and the parties must be guided by the best interests of the children.
In view of the above, this court has no alternative but to reverse the learned and distinguished trial judge. Our action reversing the trial court's order pretermits our specifically addressing the other issues. However, we do for the interested parties make the following observations.
The husband argues that the trial court lacked jurisdiction to revest title to the home in the parties because certain interested persons were not named as parties. Specifically, he argues that Janice Brown, his present wife, is now a mortgagor of the home and that the court could not revest title to the home in him and his former wife without Janice Brown's being a party to the case. It may well be that, at the date of the trial court's order with regard to the home, Janice Brown was in fact a mortgagor of the home. After thoroughly searching the record, however, this court can find no evidence of such fact.
The husband also contends that he is entitled to a credit for child support for payments made on the mortgage held by St. Clair Federal Savings Loan. The allowance of a credit against child support *Page 457 
would appear, as a general principle of law, to be a matter within the discretion of the trial court. Smith v. Smith,443 So.2d 43 (Ala.Civ.App. 1983); Kinsey v. Kinsey, 425 So.2d 483
(Ala.Civ.App. 1983); Marsh v. Marsh, 426 So.2d 847
(Ala.Civ.App. 1983).
This case is due to be and is hereby reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.