ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal involves child support.
The parties were divorced in the Mobile County Circuit Court. The mother was awarded custody of the parties’ minor daughter and the father was ordered to pay $40 per week as child support.
In September 1986 the mother brought a petition in the Superior Court of DeKalb County, Georgia, seeking enforcement of the child support order issued from the Alabama court. The father signed a consent order, thereby waiving his right to a hearing. The consent order required him to resume paying $40 per week child support, along with an additional $20 per week in arrearage. The exact amount of this arrearage was “to be determined after further investigation.” A hearing was held a week later to determine this amount, and the father failed to appear. The trial court found that the arrearage totaled $7,000.
The father immediately began making payments as required by the consent order. On November 6, 1990 the father filed a “motion for modification” in the Mobile County Circuit Court in which he asked the trial court to declare him free from further child support liability.
After an ore tenus proceeding, the trial court found that the minor child had married in December 1988 and was not entitled to child support as of that time. The trial court further found that the father still owed an arrearage of $6,927 and awarded this amount to the mother. The father appeals.
We begin by recognizing that the trial court has discretion over issues of child support, and its judgment on such matters will not be reversed on appeal unless it is clearly an abuse of discretion. Taylor v. Taylor, 418 So.2d 148 (Ala.Civ.App.1982).
The dispositive issue is whether the trial court erred in finding that the father still owes an arrearage of $6,927.
The father now resides in DeKalb County, Georgia. The record shows that from October 1986 to December 1988 the father made arrearage payments of $2,338.20 to the mother through the DeKalb County court. This leaves a total arrearage of $4,661.80 still to be paid as of December 1988.
The mother now resides in Wayne County, Mississippi. The record shows that the Wayne County Department of Human Resources (DHR) sent a letter to the father on October 10, 1990 seeking to collect an arrearage of $4,619. The next month, the Wayne County DHR fiscal officer prepared an accounting to the father which indicated an arrearage of $4,686.84.
Obviously, each figure presented has been different but none of them has totaled more than $4,700. After scrutinizing the record very closely, we are unable to discern how the trial court arrived at an ar-rearage of $6,927. There is simply no evidence to bear this out. The DeKalb County court rendered a $7,000 judgment of arrearage against the father and that court’s records show that the father has paid $2,338.20 toward this judgment. In light of this, we find that the trial court erred in computing an arrearage of $6,927 and remand this issue for the trial court’s recalculation.
At trial, the father testified that in 1982-1983 his wages were garnisheed in the amount of $3,450. The father also stated that several of his possessions had been seized from him to satisfy his support obligation. The father now argues that the trial court erred by failing to apply these “credits” to the arrearage.
The allowance of a credit against accrued child support is a matter within the discretion of the trial court. Brown v. Brown, 477 So.2d 454 (Ala.Civ.App.1985). Here, the record does not show whether the father’s wages were garnisheed for the purpose of satisfying child support, nor does it reveal the reason that his possessions were seized. Both the garnishment and seizure of possessions took place before the father was ever found to be in arrears for child support. In view of the *363 evidence, we find no error in this aspect of the trial court’s judgment.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.