CRAWLEY, Judge.
James Michael Simmons and Patricia Ann Simmons were divorced in June 1997. The divorce judgment incorporated a separation agreement providing that the father would pay the mother $400 monthly in child support for their two children. In September 1999, the mother filed a petition to modify the divorce judgment, requesting an increase in child support. The father filed a petition to modify custody, which the trial court denied; that petition is not pertinent to this appeal. Following a hearing on the petitions, the trial court increased the child support to $553.50 per month and ordered that for any calendar month in which the father earns more than $50 in overtime pay, he will pay 22% of that amount to the mother as additional child support. The father appeals, making three arguments, all to the effect that the trial court’s judgment does not comply with Rule 32, Ala.R.Jud.Admin., which provide the Child Support Guidelines.
The father first argues that the trial court misapplied Rule 32(A)(3)(b), which states:
“There shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines.”
The divorce judgment ordered the father to pay $400 monthly as child support. The CS^2 forms prepared for this modification and the Child Support Guidelines indicate the father should pay $553.50 per month as child support. That is more than a 10% increase, and, therefore, pursuant to Rule 32(A)(3)(b), it is rebuttably presumed that the trial court should have increased the child-support award. The father presented no evidence to rebut the presumption. Thei’efore, we conclude that the trial court properly applied Rule 32(A)(3)(b). The father next argues that the trial court improperly considered his overtime pay in calculating the child support. This court has held that overtime compensation is properly included in child-support calculations where “such income is sufficiently substantial and continuing, [and] can be accurately determined.” State ex rel. Smith v. Smith, 631 So.2d 252, 254 (Ala.Civ.App.1993). The father is employed by the GTE company and has had consistent overtime work and overtime compensation during his employment. His supervisor testified that he would be almost certain to have overtime compensation in the future and that at times the overtime compensation would be a significant addition to his regular compensation. Therefore, we conclude that the trial court did not err by considering the father’s overtime compensation in calculating child support.
Last, the father argues that the trial court erred in choosing the method by which it calculated child support when the father earned overtime compensation. The divorce judgment states:
“Provided further that for any calendar month hereafter during which the [father] earns overtime wages in excess of $50.00 gross', he shall pay 22% thereof to the [mother] as additional support for the minor children. (NOTE: 'Said percentage was established by ascertaining the ratio of [the father’s] base support obligation to his gross monthly wages from non-overtime work.)”
The father contends that this provision is an impermissible automatic escalation of his child-support obligation.
The father cites Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990), in sup *238 port of his argument. In Morrison, the trial court ordered the father to pay $800 per month as child support and in $50 increments increased the amount to be paid to $450 over an almost six-year period. 567 So.2d at 364. This court reversed the judgment, stating:
“[Judgments] providing for escalated payments are, as a general rule, disfavored. Forlini v. Forlini, 455 So.2d 855 (Ala.Civ.App.1983) [rev’d on other grounds, Ex parte Forlini-Parsons, 455 So.2d 858 (Ala.1984) ]; Langford v. Langford, 441 So.2d 962 (Ala.Civ.App. 1983). The disfavor stems from the fact that there is no evidentiary basis for the determination of future events and that there exists an adequate procedure for modification when changes in circumstances do occur. In making a child support determination, the trial court is limited by the present ability of the parent to pay for the present needs of the child. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979). The trial court may not speculate on a future ability or need. Forlini-Parsons, supra. Here, the escalated payments are not conditioned upon a specifically articulated future occurrence. Instead, the increase occurs regardless of any external circumstances.”

Id.

We conclude that the trial court did not err in its calculation of child support when the father makes overtime compensation. The court specifically conditioned an increase in the father’s child-support obligation on his receipt of at least $50 in overtime compensation in a month. Unlike the court in Morrison, this trial court conditioned any increase in child support on a “specifically articulated future occurrence” — the father’s receipt of overtime compensation. The Child Support Guidelines are based on $50 increments, and the trial court correctly recognized that the father’s child-support obligation would not be increased until the father earned $50 more a month. The trial court also based the percentage of the overtime pay that would apply to child support on the percentage of the father’s base monthly pay that is applied to child support — 22%. We commend the trial court on this innovative and logical resolution of the overtime-compensation issue.
Therefore, the trial court’s judgment increasing the father’s child-support obligation and providing for increased child support when the father makes at least $50 in overtime compensation in one month is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.